## COVERT *v.* RANDALL.

1. AUTOMOBILES—PEDESTRIANS—BUSINESS DISTRICT—SPEED.

   A pedestrian about to cross a street 60 feet wide would have a right to assume that motorist a block and a half away approaching from the left would allow ,pedestrian ample time to cross the street or at least to proceed sufficiently across street so as to reach a place of safety.

2. TRIAL—CREDIBILITY OF WITNESSES.

   In action for instantaneous death of pedestrian in which the testimony was conflicting, the credibility of the witnesses was for the jury.

3. AUTOMOBILES—DEAF MUTE PEDESTRIAN—NEGLIGENCE—QUESTION FOR JURY.

   In action by administrator of estate of deaf mute pedestrian who was killed at 2:30 a.m. when struck by defendant's car in a district wherein ordinance limited speed to 15 miles an hour, where evidence shows car was being driven at speed of 50 to 60 miles an hour and that shortly before the accident defendant had been drinking, that he had a strong odor of liquor on his breath, and that he staggered when he walked, jury's finding that motorist was negligent was justified.

4. SAME—DEAF MUTE PEDESTRIAN—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

   Whether or not deaf mute pedestrian was guilty of contributory negligence in proceeding at 2:30 a.m. on crosswalk into street 60 feet wide while defendant motorist approached from left a block and a half away in business district where speed was limited to 15 miles an hour was a question for the jury.

5. SAME—DEAF MUTE PEDESTRIANS—SPEED—NIGHTTIME.

   Deaf mute pedestrian about to cross a street 60 feet wide in the nighttime in a district where speed was limited by ordinance

Function of court and jury on the question of contributory negligence, see 2 Restatement, Torts, § 476.

That an actor, in the absence of some reason to believe otherwise, should expect others to obey laws and conform to the standards of conduct prescribed by them, see 2 Restatement, Torts, § 290 and comment (n). Also, see § 285, comment f, illustration 3.

Standard of conduct where actor suffers from physical infirmity, see 2 Restatement, Torts, § 289, comment (h) and illustration 6.

to 15 miles an hour was not bound to anticipate that motorist approaching a block and a half away would drive at an excessive rate of speed.

6. APPEAL AND ERROR—HARMLESS ERROR—INSTRUCTIONS—NEGLIGENCE.

In action by administrator of estate of deaf mute pedestrian who was instantly killed when struck at 2:30 a.m. while crossing street 60 feet wide at a crosswalk by defendant motorist's car as it was being driven 50 to 60 miles an hour in a business district where the speed was limited by ordinance to 15 miles an hour, injection of question of defendant's wilful and wanton misconduct and gross negligence *held*, harmless error where trial court charged that plaintiff must prove that his decedent was free from contributory negligence, making it obvious that the issues involved only ordinary negligence.

7. TRIAL—PROXIMATE CAUSE—AUTOMOBILES—INSTRUCTIONS.

In action by administrator of estate of deaf mute pedestrian who was instantly killed when struck by defendant motorist's car, instruction that plaintiff must prove the accident was "caused through the carelessness and fault of the defendant" and proximate cause under plaintiff's version was plainly shown, and defendant failed to request a charge in such respect although counsel was asked whether he wanted any further instructions to the jury, defendant failed to show error respecting charge to jury on matter of proximate cause.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 16, 1941. (Docket No. 67, Calendar No. 41,503.). Decided June 2, 1941. Rehearing denied September 2, 1941.

Case by James C. Covert, administrator of the estate of Charles Covert, deceased, against Burleigh W. Randall for damages for death of plaintiff's decedent when struck by defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Dohany & Dohany,* for plaintiff.

*Edward N. Barnard,* for defendant.

Butzel, J. Plaintiff administrator claims that at 2:30 a.m. on June 18, 1938, as decedent was crossing from the southwest to the northwest corner of Warren and Piedmont avenues, Detroit, Michigan, defendant, while speeding in an easterly direction on Warren avenue at the rate of 50 to 60 miles an hour, drove his car into decedent and instantly killed him. The body was carried for some distance on the front of the car. Finally, after defendant swerved his car to the north where he collided with an automobile parked on Warren avenue east of Piedmont, decedent's body came to rest 190 feet from the point of impact.*

Warren avenue runs east and west and is approximately 60 feet wide in the vicinity of the accident. An eyewitness testified that he was standing at the northwest corner of the intersection and saw the accident; that decedent, who was a deaf mute, came to a stop before starting across Warren avenue, and then proceeded 12 feet on the crosswalk towards the north where he was struck by defendant's car. He further testified that immediately prior to the moment decedent started to cross the street, defendant's car was approximately a block and a half to the west. The distance from the west curb of Piedmont avenue to Grandville avenue, the first street to the west, was 293 feet. The width of Grandville is 30 feet, the same as that of Piedmont avenue. The Detroit city ordinance at that time limited the speed of cars to 15 miles an hour in business districts and 20 miles an hour in residential districts. The district was a business one. At the rate of 60 miles an hour, it would take a car about five seconds to proceed from where plaintiff's witness first saw the car when decedent stepped into the street to the place where the accident occurred. It might take an equal length of time for decedent

---

* For further facts see *People v. Randall*, 294 Mich. 478.

to go 12 feet if he was walking slowly. With a car almost a block and a half away, a pedestrian would have a right to assume that the driver would obey the law and thus allow him ample time to cross the street or at least to proceed sufficiently to the north so as to reach a place of safety. *Burton* v. *Yellow & Checker Cab & Transfer Co.,* 283 Mich. 384.

There was testimony indicating that defendant had been drinking shortly before the accident. A police officer stated that defendant had a strong odor of liquor on his breath and he staggered when he walked. Defendant's answers in explanation of the accident were manifestly untrue. We can readily understand why the jury discredited his testimony as well as that of his witnesses. One of the latter testified that the accident had occurred at the southeast corner of Piedmont and Warren avenues, and that decedent suddenly stepped out into the road from a space between two WPA sheds erected at the southeast corner. Another witness testified that plaintiff's principal eyewitness, a WPA watchman, had stated that at the time of the accident he had been asleep in one of the sheds and that the crash awakened him. The credibility of the witnesses was for the jury. The testimony justifies the verdict.

Accepting plaintiff's version of the accident as true, decedent was not guilty of contributory negligence as a matter of law in walking along a crosswalk into the street when defendant's car was over a block away. This is a question on which the minds of reasonable men might differ, and therefore, one for the jury. When decedent stepped into the street and defendant's car was almost a block and a half away, he was not bound to anticipate that defendant would drive at an excessive rate of speed. *Sanderson* v. *Barkman,* 264 Mich. 152; *Guina* v. *Harrod,*

275 Mich. 393. In *Petersen* v. *Lundin,* 236 Mich. 590, we commented upon the difficulty at nighttime for a pedestrian to judge the speed of an approaching car with glaring lights.

In the amended declaration of plaintiff, there is but one count, divided into paragraphs. The full facts of the alleged negligence are set forth and it is further stated that defendant "acting with gross, wanton and wilful negligence and with a reckless and intentional disregard of the consequences," caused the accident "without the exercise of any proper effort to avoid colliding with him." Appellant claims that the allegations are insufficient to charge defendant with gross negligence and wanton and wilful misconduct. A special question was submitted to the jury as to whether defendant was guilty of gross, wanton and wilful negligence. The jury replied in the affirmative. The question of wanton and wilful misconduct was thus injected into the case. The trial court, immediately after charging in regard to gross negligence and wanton and wilful misconduct, stated that before plaintiff might rightfully recover a verdict for damages, he must show by a preponderance of evidence that decedent was free from negligence, and that in the event he had failed to make such showing, plaintiff could not recover and the verdict must be in favor of defendant. He further charged that decedent was a deaf mute and that his infirmities would not excuse him from using the care and caution that a reasonable person would use under the same circumstances; that if a pedestrian failed to look for oncoming vehicles and continue to look when he was on the highway, he would be guilty of contributory negligence.

We believe that the charge adequately protected defendant and even assuming that the question of

wilful and wanton misconduct and gross negligence was submitted improperly, nevertheless, it was harmless error and cured by the judge in view of the fact that he not only did not instruct the jury that under those circumstances contributory negligence might be excused, but on the contrary emphasized the fact that plaintiff must prove that his decedent was free from contributory negligence. The jury also returned a general verdict against defendant and the testimony fully justified such a verdict. It is obvious that the issues only involved ordinary negligence.

Defendant further claims that there was no charge in regard to proximate cause of the accident. No request to charge was made in this regard, although counsel was asked whether he wanted any further instructions to the jury. The trial court instructed the jury that it was essential that plaintiff prove the accident was "caused through the carelessness and fault of the defendant." The proximate cause under plaintiff's version was plainly shown. We find that under the circumstances there was no error.

The judgment is affirmed, with costs to plaintiff.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, and WIEST, JJ., concurred. McALLISTER, J., took no part in this decision.