BROW *v.* BOZYK.

AUTOMOBILES — PEDESTRIANS — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.

In southbound pedestrian's action against westbound motorist for injuries sustained in crosswalk just north of center of street at 7:25 a.m., late in January, where evidence on issues of defendant's negligence and plaintiff's contributory negligence was conflicting, it was proper not to disturb jury's finding for plaintiff on defendant's motions for directed verdict and for judgment for defendant notwithstanding verdict for plaintiff.

Appeal from Wayne; Webster (Clyde I.), J. Submitted January 8, 1947. (Docket No. 19, Calendar No. 43,449.) Decided April 8, 1947.

Question of fact for jury as to defendant's negligence and plaintiff's contributory negligence, see 2 Restatement, Torts, §§ 434, 476; standard of conduct defined, see §§ 283–285.

Case by Percy C. Brow against Joe Bozyk for personal injuries sustained when he was struck by defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Edward N. Barnard,* for plaintiff.

*Stewart A. Ricard,* for defendant.

NORTH, J. While plaintiff, a pedestrian, was proceeding across Michigan avenue in a southerly direction at the intersection of Trenton street in Detroit he was struck by an automobile driven by defendant in a westerly direction. Plaintiff suffered rather severe injuries, brought suit against defendant, and upon trial by jury had judgment for $2,140.20. Defendant appealed.

It is defendant's contention that the testimony disclosed merely that an accident happened without any showing of negligence on the part of defendant, and that the trial court erred in refusing to grant defendant's motions for a directed verdict or for judgment notwithstanding verdict.

Michigan avenue extends in an easterly and westerly direction, being a paved street approximately 70 feet wide with a double line of street car tracks in the central portion. Trenton street intersects Michigan avenue substantially at right angles, and near the southwesterly corner of the intersection there is a street car loading zone. At approximately 7:25 on the morning of the accident, January 28, 1944, plaintiff attempted to cross from the northwesterly corner of the intersecting streets in a southerly direction to the street car loading zone above noted. It was still dark but there is testimony that the intersection was reasonably well lighted.

According to plaintiff's testimony he waited at the curb on the northwest corner until westbound traffic had passed and then he proceeded in the line of the crosswalk to a point near the center of Michigan avenue; but because he was confronted with approaching eastbound traffic plaintiff paused momentarily between the two street car tracks located immediately north of the center line of Michigan avenue. While there he made observations both east and west for oncoming traffic. He saw none coming from the east. Just as the eastbound auto traffic was about to clear and plaintiff in consequence thereof being then able to proceed, he was struck by defendant's car going in a westerly direction. Plaintiff testified that the automatic traffic light was not working at that hour in the morning.

According to the testimony in behalf of defendant, as he approached the intersection he was driving between 20 and 25 miles per hour, and as he approached the intersection the traffic light was red but changed to green when defendant was about 100 feet away from Trenton street, that just ahead and to his right were two other automobiles in separate lanes of traffic which waited for the traffic signal to change, that as defendant approached the point of accident he did not see plaintiff until he ran from in front of the automobiles to defendant's right which were then crossing the intersection, and while defendant made every effort to do so he was unable to avoid striking plaintiff. The left front portion of defendant's car struck plaintiff.

The testimony discloses that the pavement was wet and visibility poor. As above noted there is direct conflict in the testimony in behalf of the respective parties as to whether the traffic light at the intersection was working at the time of the accident.

Defendant testified the lights on his car were burning at the time of the accident and he could see a man "about a block away."

Without reviewing further the factual aspect of the record, it is obvious that there was a definite conflict between the testimony in plaintiff's behalf and that in defendant's behalf bearing upon the controlling issues of negligence on the part of defendant and contributory negligence on the part of plaintiff. Among other phases of negligence charged in plaintiff's declaration, it was alleged that in violation of both the Detroit ordinance * and the State statute † defendant drove his automobile carelessly and recklessly and so as to endanger plaintiff's person, that defendant failed to drive at such speed that he could bring his automobile to a stop within the assured clear distance ahead, that defendant did not keep his vehicle under proper control, and that defendant failed to keep a proper lookout ahead.

On the record before us an issue of fact was presented as to negligence and contributory negligence, and hence the trial judge was correct in denying defendant's motions for a directed verdict and in also denying defendant's later motion for judgment notwithstanding the verdict. The judgment entered in the circuit court is affirmed, with costs to appellee.

Carr, C. J., and Butzel, Bushnell, Sharpe, Boyles, Reid, and Dethmers, JJ., concurred.

---

* City of Detroit Ordinance No. 115-D.—Reporter.
† Act No. 318, Pub. Acts 1927, as amended (3 Comp. Laws 1929, § 4693 et seq., [Comp. Laws Supp. 1940, 1945, § 4693 et seq., Stat. Ann. and Stat. Ann. 1946 Cum. Supp. § 9.1561 et seq.]).—Reporter.