## O'BRIEN v. WAHL.

1. AUTOMOBILES—SPEED—EVIDENCE—CREDIBILITY.
   Court's refusal to strike testimony of driver of car in which plaintiff was a passenger because it was incredible *held*, justified, where it appears such witness had testified that prior to the collision at an intersection he had observed defendant's car 107 paces away approaching at an estimated speed of 70 miles an hour and continued to observe the car for a matter of seconds, finally saying that "it happened so quickly, it was almost like the snap of a finger."

2. SAME—SPEED—OPPORTUNITY OF WITNESS TO OBSERVE APPROACHING CAR.
   The testimony of a witness as to the speed of an approaching car may be stricken in the discretion of the trial judge, where it appears that the witness had no real opportunity to make an observation of the circumstances and conditions then existent.

---

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 5 Am Jur, Automobiles §§ 630, 651.
[6, 7] 3 Am Jur, Appeal and Error § 890; 39 Am Jur, New Trial § 129.

3. SAME—SPEED—OBSERVATION—EVIDENCE.

Court's refusal to strike testimony of driver of car in which plaintiff was a passenger as to speed of car with which he collided at an intersection was not error, where there is nothing in the record to indicate that the driver was prevented from seeing defendant's car or that his attention was diverted.

4. SAME—SPEED—CREDIBILITY OF WITNESS—SNAP OF A FINGER.

Use of the term "snap of a finger" in describing time approaching car took to travel 107 paces toward witness at an intersection, although inaccurate, could properly be taken into consideration by the jury in determining credibility of the witness.

5. EVIDENCE—HUMAN ERROR—CREDIBILITY.

Human error must inevitably exist to a degree in all testimony despite the best intended efforts of the witness to speak the truth and affects the credibility to be accorded the witness, not the admissibility of the testimony.

6. NEGLIGENCE—VERDICT—GREAT WEIGHT OF EVIDENCE.

A verdict on issue of fact as to negligence may not be said to be against the great weight of the evidence, where there is testimony which if believed by the jury, would have warranted them in finding the party charged with negligence guilty of it.

7. APPEAL AND ERROR—GREAT WEIGHT OF EVIDENCE—JURY—SUPREME COURT.

The Supreme Court examines the record on appeal where it is claimed the verdict is against the great weight of the evidence to determine whether the jury made an unwarranted finding or disregarded its duty of giving due consideration to the evidence as a whole.

8. AUTOMOBILES — SPEED — NEGLIGENCE — EVIDENCE — QUESTION FOR JURY.

Testimony as to speed of defendant's car and as to defendant's failure to exercise due care under the circumstances held, sufficient to present such matters for consideration of jury and to support its verdict for plaintiff passenger in car with which defendant's car collided at an intersection.

9. SAME—PROXIMATE CAUSE—EVIDENCE.

Finding of jury that negligence of southbound defendant was the proximate cause of accident resulting in injury to plaintiff, a guest passenger in a westbound car at an intersection of 2 highways held, supported by testimony.

Appeal from Washtenaw; Holbrook (Donald E.), J., presiding. Submitted October 7, 1952. (Docket No. 14, Calendar No. 45,539.) Decided January 5, 1953.

Case by Daune O'Brien against Vondall Wahl for damages for injuries sustained when automobile in which she was riding was struck by automobile driven by defendant. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*James O. Kelly*, for plaintiff.

*Burke, Burke & Smith*, for defendant.

ADAMS, J. This litigation arises out of a collision that occurred at the intersection of Packard road and US–23 in Washtenaw county at 12:45 p.m. on March 15, 1949. Defendant Wahl was driving south on US–23 and plaintiff O'Brien was a guest passenger in an automobile being driven in a westerly direction on Packard road by Herman De Marco. A blinker light hangs at the center of the intersection, flashing red on Packard road and amber on US–23. At the time of the accident the weather was clear and the pavement dry. De Marco stopped just before he entered the intersection and then proceeded to the point of collision past the center of US–23. Testimony is conflicting as to the speed of the cars and care exercised by the drivers.

Suit was brought for personal damages sustained by the plaintiff when she was thrown from the De Marco car. Upon trial, the jury returned a verdict of $4,000 against the defendant who now appeals claiming that certain testimony should have been stricken by the trial judge and that the verdict was against the great weight of the evidence.

Plaintiff's principal witness was the driver of the car in which she was riding, and it is the contention of the defendant that his testimony should have been stricken because it was incredible. De Marco testified that immediately preceding the collision he observed the defendant approaching at a distance of 107 paces at an estimated speed of approximately 70 miles per hour. He further said that he continued to observe the defendant's car for a matter of seconds, but when pressed on cross-examination to be more definite, said: "It happened so quickly, it was almost like the snap of a finger to me." Primarily on the basis of this statement, defendant charges that De Marco's testimony was incredible, reasoning that it was physically impossible for an automobile to travel 107 paces in the time required for the snap of a finger.

Defendant further argued that if De Marco's car, traveling from 5 to 10 miles per hour according to the record, had already entered the intersection when the defendant's car was 107 paces away, it would be impossible for the defendant to reach the intersection before the De Marco car had completed the crossing.

Testimony of a witness as to the speed of an approaching car may be stricken in the discretion of the trial judge, where it appears that the witness had no real opportunity to make an observation of the circumstances and conditions then existent (*Hinderer* v. *Ann Arbor R. Co.,* 237 Mich 232 [26 NCCA 871], and *Wright* v. *Crane,* 142 Mich 508 [19 Am Neg Rep 336]), but there is nothing in the present record to indicate that De Marco was in any way prevented from seeing the defendant's car as it approached nor does the testimony show that his attention was diverted in any manner.

It may well be that his testimony was in part somewhat unrealistic and distorted, and certainly the use

of the common phrase "snap of a finger" in describing the time taken to travel 107 paces was inaccurate. Such discrepancies, however, could properly be taken into consideration by the jury and should be influential in determining the credibility of the witness. To strike the testimony of every witness because of inaccuracies would be an unreasonable restriction upon the presentation of evidence. Human error must inevitably exist to a degree in all testimony despite the best intended efforts of the witness to speak the truth. The trial court acted properly in refusing to strike the testimony of De Marco and in denying a motion for directed verdict.

On the question of whether the verdict was against the great weight of the evidence, it appears from the record that sufficient evidence was introduced by the plaintiff which, if believed by the jury, would have warranted them in finding the defendant guilty of negligence.

"The jury weighs the evidence, it is true, but upon review, under the allegation that the verdict rendered is against the weight of the evidence, we examine the record and determine whether the verdict is so contrary to the great weight of the evidence as to disclose an unwarranted finding. We may disagree with the finding but such alone is not the test for our finding must be an apparent disregard by the jury of due consideration of the evidence as a whole." *Patterson* v. *Thatcher,* 273 Mich 597, 600.

Conflicting testimony exists as to the speed of the defendant's car, but the jury had the right to determine which version it believed true. There was testimony in this case to the effect that defendant's car was being operated at great speed and that the defendant failed to exercise due care under the circumstances. Apparently the jury believed this testimony. It cannot be said, therefore, that the verdict was against the great weight of the evidence.

We are likewise of the opinion that from the testimony the jury could properly find that the negligence of the defendant was the proximate cause of the accident.

The judgment of the trial court will be affirmed, with costs to appellee.

Dethmers, C. J., and Butzel, Carr, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.