RAY v. HARRIS.

1. AUTOMOBILES — INTERSECTIONS — SPEED — NEGLIGENCE — GREAT
WEIGHT OF EVIDENCE.
Whether or not defendant eastbound motorist on through street
was exceeding speed limit, whether speed, if excessive, was
a proximate cause of the accident and whether or not he was
negligent in failing to see that southbound car was not going
to stop as required by law *held*, questions of fact in action by
westbound motorist whose appraisal of the situation had re-
sulted in his stopping some 100 feet east of intersection, where
defendant's car, after being struck by the southbound car, con-
tinued eastward out of control and injured plaintiff and his
car.

2. SAME—INTERSECTION—NEGLIGENCE—GREAT WEIGHT OF EVIDENCE.
Verdict for defendant, an eastbound motorist on through high-
way, whose car had first collided with southbound car at in-
tersection which had not stopped as required by law and then
went out of control until it collided with plaintiff's westbound,
stopped car some 100 feet east of intersection *held*, not against
the great weight of the evidence on issue of defendant's neg-
ligence.

Appeal from Muskegon; Fox (Noel P.), J. Sub-
mitted January 8, 1953. (Docket No. 43, Calendar
No. 45,698.) Decided March 10, 1953.

Case by Harley C. Ray against Delbert E. Harris,
Sr., for injuries sustained in an automobile accident.

REFERENCES FOR POINTS IN HEADNOTES.
[1, 2] 5 Am Jur, Automobiles §§ 259, 289, 299, 689, 692,
[1, 2] When automobile is under control. 28 ALR 952.

Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Street & Sorensen,* for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Edward D. Wells,* of counsel), for defendant.

Butzel, J. About 7:10 on the morning of September 13, 1950, Harley C. Ray, plaintiff, was driving west along M-46, a State trunk line highway, in Muskegon county, State of Michigan. There had been an intermittent light rain and drizzle during the night, and a light fog in the early morning, but it was insufficient to obstruct visibility. The pavement was not particularly slippery, although somewhat damp. As plaintiff approached Harvey street, which runs north and south, he observed an automobile driven by Conrad McClain proceeding south on Harvey street at a slow rate of speed. Harvey street is a stop street at M-46. Plaintiff also observed a car driven by Delbert E. Harris, Sr., defendant, approaching from the west on M-46. Plaintiff testified that the McClain car on Harvey street was about 40 to 50 feet north of its intersection with M-46 when he first observed it, and that it was traveling at a very slow rate of speed, "not over 10 miles" per hour; that at the same time defendant was about 300 feet west of the intersection and approaching at a high rate of speed. He further stated that the defendant's car was swerving sideways so that he could see the side of it. The McClain car did not slow up, but continued at the slow rate indicated. On observing this, plaintiff foresaw the impending collision and stopped his own car at the side of the highway and about 100 feet back from the intersection. The McClain car struck defendant's car on the left rear corner as it went past. At this point de-

fendant's car went out of control, struck some chuck-holes along the south shoulder of the highway and then swerved back across the highway and struck plaintiff's automobile, damaging it extensively and seriously injuring plaintiff. Thereafter defendant's car turned around and proceeded back across the highway and into a used car lot located at the corner of the intersection and collided with a car parked on the lot.

Prior to the commencement of this action, plaintiff settled with McClain for $4,375 under the provisions of CL 1948, § 691.561 *et seq.* (Stat Ann 1951 Cum Supp § 27.1683[1]). McClain's negligence is not disputed. Plaintiff brought the instant action against defendant upon the theory that defendant and McClain were both guilty of concurrent negligence. He seeks to recover from defendant the difference between the damages claimed by him and the amount he received from McClain.

Plaintiff alleges that defendant was negligent as a matter of law in exceeding the speed limit of 35 miles an hour at this point and that he was further negligent in failing to observe the McClain car enter the intersection without stopping, or if he did observe it, then in not taking proper precautions to avoid the accident.

Defendant testified that he was driving between 30 and 35 miles an hour, that when he was about 100 feet from the intersection he saw the McClain car approaching from the north on Harvey street at about 15 or 20 miles per hour, that it was about 40 feet north of the intersection when he first saw it, that he then looked south and saw that there was no traffic approaching from that direction. He testified that he knew that Harvey street was a stop street at this intersection and that he thought the McClain car would stop when he first saw it approaching at a slow rate of speed. Defendant said that when he

next saw the McClain car it was coming right at him, that he could not stop in time to avoid the collision, but that he did speed up in order to avoid having his car receive the impact where he was sitting. He further stated that the McClain car struck his car on the left rear fender or wheel and that as a result the rear end of his own car was swung to the south while the front end turned toward the northeast; that he himself was thrown away from the wheel altogether, with his head down toward the floor; that the rear wheels struck some chuckholes along the south side of the highway, causing the car to jackknife; that he raised himself and grasped the wheel with his left hand and just when it came around the car proceeded into the used car lot. The McClain car suffered but very slight damages and was able to proceed on its own power.

The trial judge charged the jury that if it found that defendant was exceeding the speed limit he was negligent as a matter of law. Further, that defendant had a duty to see the McClain car, and that while he had the right to expect it to observe the law and stop at the intersection, if he saw, or as a reasonable man should have seen, that it was not going to stop, it became his duty to avoid the collision if possible. The jury was also correctly charged as to concurrent negligence and proximate cause. The jury returned a verdict of no cause for action. Plaintiff made a motion for a new trial on the grounds that the verdict was contrary to both the law and the great weight of the evidence. Plaintiff makes no complaint whatsoever as to the judge's charge to the jury. The motion was denied as to the first ground because no motion for a directed verdict was made before the case was submitted to the jury and as to the second ground there was a question for the jury and verdict was not against the great weight of the evidence.

Plaintiff on appeal claims that had the jury cor-
rectly applied the law as expounded by the judge
in his charge and had it properly determined the
facts in accordance with the law, plaintiff would have
prevailed. Defendant, however, insists that the case
solely presents questions of fact which were con-
sidered in accordance with a correct charge of the
court. Plaintiff argues that from the distances in-
volved and the speed of the McClain car it can be
deduced mathematically that defendant was driving
in excess of 35 miles an hour and was, therefore, neg-
ligent as a matter of law. Plaintiff's mathematics
are not helpful and at most are based upon defend-
ant's testimony that the McClain car was approach-
ing the intersection at from 15 to 20 miles per hour.
Plaintiff claims that if in accordance with the testi-
mony defendant had to travel from 2-1/2 to 3-1/2
times the distance that the McClain car covered be-
fore it reached the point where the first collision
occurred, he must have been driving at a rate of more
than 35 miles per hour. The jury may well have con-
sidered that the entire accident happened in but a
very few seconds, or further, that greater reliance
could be put on McClain's testimony in regard to
driving his own car and that he was going only 10
miles per hour. Moreover, plaintiff himself testified
that the McClain car was proceeding at not more than
10 miles per hour. This would, in accordance with
plaintiff's formula, bring defendant's speed well
within the legal limits. At most the evidence as to
defendant's speed was in conflict. The estimates
and calculations vary from 30 to 45 miles per hour.
Plaintiff did produce a former deputy sheriff who
had also been a police officer. He arrived at the
scene of the accident shortly after it occurred. He
stated that he had examined the physical facts in
over 300 accidents and that from the condition of the
cars and where they came to rest, et cetera, he was

of the opinion that defendant must have been proceeding at a rate of over 35 miles per hour. Evidently the jury was not convinced by the testimony, as defendant testified without contradiction that he lost control of the car through the collision with the McClain car and his own car ran into some chuckholes in the pavement before it collided with plaintiff's car. In *Prove* v. *Interstate Stages,* 250 Mich 478, in the majority opinion relative to the antics of an automobile after a collision, it was stated:

"Automobile accidents and collisions are attended by strange, unexpected, and apparently incredible results, which seem to defy the commonly known laws of physics and their effects. Without data on the phenomena of automobile collisions, without textbooks of experience or scientific experiment, without an accepted standard, without even accurate information of the weights and speeds of the instant vehicles and the angle of the blow, this Court has no basis which would justify it in taking judicial notice that plaintiff's car could not have been thrown into its position by the impact if it were standing still when struck, when it is hardly less mysterious how it got into that position at all."

A further question of fact presented was whether if defendant drove at a rate of over 35 miles per hour, was such speed the proximate or concurring cause of the accident. This again was a question of fact for the jury. A reading of the record brings us to the conclusion that the case was fairly and squarely presented to the jury on the evidence, and even though the attorney for plaintiff or even some of us might have come to a different conclusion, the verdict was not against the great weight of the

evidence, as plaintiff claims. It does not preponderate in favor of plaintiff.

Judgment is affirmed, with costs to defendant.

DETHMERS, C. J., and ADAMS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.