JAKUBIEC v. HASTY.

1. JURY—TRIAL COURT'S STATEMENT AS TO DEFENDANTS' COUNSEL.

Denial of mistrial is not disturbed because of trial court's al-
leged improper observation during examination of jury that
defendants' counsel had been mentioned very prominently in
the newspapers recently in connection with a strike at the
municipal street railway, where thereafter all members of the
jury had said they could render a fair and impartial verdict
and counsel indicated they were satisfied with the jury.

2. AUTOMOBILES — PEDESTRIANS — CONTRIBUTORY NEGLIGENCE — EVI-
DENCE—SPEED.

A question of fact was presented as to contributory negligence
of plaintiff, an 18-year-old deaf-mute, who was walking from
northwesterly corner of intersection toward eastbound street-
car safety zone when hit by defendants' westbound taxicab
in the westbound streetcar track, where there is testimony that
it was rainy, that plaintiff had looked to the east and had seen
a truck and a car about a block away and saw a streetcar to
the west a block away and because of a large truck, could not
see the westbound taxicab until she reached the westbound
streetcar tracks, and that the cab was moving at a speed of
over 35 miles an hour.

3. SAME—SPEED—EVIDENCE—OPPORTUNITY TO MAKE OBSERVATION.

It was not an abuse of discretion for trial court to strike tes-
timony, by motorman of eastbound streetcar which collided
with westbound taxicab immediately after latter struck plain-
tiff, as to speed of the taxicab, when it appeared that motor-

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 53 Am Jur, Trial §§ 88, 94, 967.
[2] 5 Am Jur, Automobiles §§ 450–452, 459, 705.
[3, 7] 58 Am Jur, Witnesses §§ 113, 114.
[5] 5 Am Jur, Automobiles §§ 464, 466.
[5] Liability for injury to pedestrian struck by automobile as af-
fected by his blindness, deafness, or other physical disability.
62 ALR 578.
[6] 53 Am Jur, Trial §§ 1048, 1049.
[7] 58 Am Jur, Witnesses §§ 578, 590, 591.

man had no real opportunity to make an observation of the circumstances and conditions then existing.

4. APPEAL AND ERROR—REMARKS OF TRIAL JUDGE CONCERNING DEFENDANTS' ATTORNEY—MISCARRIAGE OF JUSTICE.

Remarks of trial judge indicating that he was of the impression that the absence of defendant's attorney was an attempt to delay the taking of testimony, while not approved by the Supreme Court, *held,* not to have constituted error resulting in a miscarriage of justice (CL 1948, § 650.28).

5. SAME—REQUESTS TO CHARGE—PLAINTIFF DEAF-MUTE—STANDARD OF CARE—SYMPATHY..

Failure of trial court to charge that plaintiff pedestrian, an 18-year-old deaf-mute, was not excused from using the standards of care that an ordinarily prudent person would exercise under similar circumstances and that jury in action against taxicab owner and operator must decide case wholly on the evidence presented and be free from sympathy or prejudice as requested by defendants *held,* not to have resulted in reversible error, where there is no showing the jury's verdicts for her and her father were unjust or reached as the result of undue sympathy for her.

6. TRIAL—CORRECTION OF INCONSISTENT VERDICTS.

Trial judge did not err in requiring jury to correct its inconsistent verdicts, where it first assessed damages for plaintiffs in actions arising from personal injuries to plaintiff minor against taxicab owner but not operator.

7. WITNESSES—REFRESHING RECOLLECTION—UNAVAILABLE ACCIDENT REPORT.

A police witness who did not witness accident wherein plaintiff, an 18-year-old deaf-mute, was injured by a taxicab while crossing a street was properly not permitted to refresh his recollection from accident report which he did not write and which was not available as evidence (CL 1948, § 256.330[e]).

8. AUTOMOBILES—VERDICTS—GREAT WEIGHT OF EVIDENCE.

Verdicts for plaintiffs, an 18-year-old minor and her father, for injuries she sustained when struck by defendants' taxicab *held,* not against the great weight of the evidence.

Appeals from Wayne; Miller (Guy A.), J. Submitted April 15, 1953. (Docket Nos. 53, 54, Calendar Nos. 45,510, 45,511.) Decided June 22, 1953. Rehearing denied October 5, 1953.

Separate actions of case by Helen Jakubiec and Joseph Jakubiec against Arthur L. Hasty and another for damages resulting when plaintiff Helen Jakubiec was struck by defendants' taxicab. Cases tried together. Verdicts and judgments for plaintiffs. Defendants appeal. Affirmed.

*Con. S. Gryszka,* for plaintiffs.

*Edward N. Barnard,* for defendants.

Bushnell, J. Plaintiff Theresa Jakubiec was 18 years of age at the time of her injury. Her father, Joseph Jabubiec, as her next friend, instituted an action for her damages and a separate action for medical expenses and the loss of her services. These actions were combined and tried before a jury.

Defendants Arthur L. Hasty, the owner of the taxicab which struck Miss Jakubiec, and John P. Nugent, his employee driver, have appealed from judgments entered upon the jury's verdicts in the personal injury case of $6,500, and in the medical expense and loss of service case of $1,000.

It is admitted that the taxicab struck the plaintiff while she was crossing Michigan avenue in the city of Detroit on August 4, 1948, at 3:40 p.m. She was walking from the northwest curb of the intersection of Brooklyn avenue to the eastbound streetcar safety zone on Michigan. The day was rainy and the pavement was wet.

Plaintiff suffered a compound fracture of her right leg, with cuts and bruises which required hospitalization for 4 days and confinement to her home for 6 weeks. She was unable to resume her work until about 7 months after the accident. As a result of her injury, Miss Jakubiec's right leg is now shorter than her left.

When the actions were ready for trial on December 18, 1951, about 18 months after they were commenced, considerable discussion ensued over the absence of Edward N. Barnard, defendants' attorney of record. The trial judge indicated that he was under the impression that Mr. Barnard was attempting to delay the taking of testimony. Two attorneys from the Barnard office were present, both of whom disclaimed sufficient knowledge of the facts to adequately represent the defendants. It was suggested by them that Theodore Robbins, another of Mr. Barnard's associates, who was familiar with the case but was at the moment engaged in a trial in the recorder's court, could appear the following day. The trial judge indicated that, because of the approaching Christmas season it would be inadvisable to delay presentation of testimony before a jury and insisted that the cause proceed.

A jury was then drawn from the members of the panel who were present and had heard the court's discussion. Before they were examined as to their qualifications the court said:

"Mr. Barnard is counsel who is mentioned very prominently in the newspapers, and during the last year his name was mentioned very prominently in connection with the strike at the Department of Street Railways. Are any of you members of the Union? I have forgotten what the exact title is,— of Street Railway Employees?

"No. 10. Is there anyone else?"

Counsel's motion for a mistrial based upon this claimed improper observation was denied. The court then asked the jury if Mr. Barnard's activities would affect any of them and prevent the rendition of a fair and impartial verdict. After the members of the jury had replied in the negative, counsel indicated they were satisfied with the jury, and it was sworn.

Plaintiff is a deaf-mute and was examined through an interpreter. On the day of the accident she was employed at the Banner Laundry on Brooklyn avenue, a few blocks north of Michigan, from which place she walked southerly down the west side of Brooklyn to the northwest corner of the intersection. Michigan avenue runs almost due east and west, while Brooklyn runs about 30 degrees west of north. She testified she looked both ways, saw a truck and car coming from the east at a distance of about 300 feet, about a block away. A streetcar was approaching from the west at the same time, also about a block distant.

Plaintiff testified that the truck passed her at about 30 miles per hour and the car that followed it was moving at about the same speed. She then started across Michigan to the eastbound safety zone. When she reached the westbound streetcar tracks, defendant's taxicab, also going west, suddenly appeared and struck her. She said 'she first saw the approaching taxicab when 20 feet away in the center of the street near the westbound rails.

Florence Stewart, a fellow employee, had reached the northwest corner of the intersection while plaintiff was waiting to cross Michigan. Mrs. Stewart then walked easterly across Brooklyn to the northeast corner for the purpose of boarding a westbound Michigan avenue streetcar. She said that, after she reached the westbound safety zone, there was "a big truck there, a semi-highway truck that went by." She did not see Miss Jakubiec cross Michigan avenue, but did see the taxicab coming from the east in the westbound streetcar track. It passed so close to her while she was standing in the safety zone that she had to step back to keep from being splashed. She testified that it was moving at a speed of over 35 miles per hour, and that "when he passed me, I heard a scream. I looked up, and there was a body

flying in the air." She did not see the taxicab strike the body.

Frank Percin, a police officer, who did not witness the accident but arrived after it occurred, said:

"I seen a cab pile up against a streetcar and a pedestrian lying on the street. I immediately called for an ambulance and sent it to the Receiving Hospital."

Percin did not write the accident report and was not permitted to use it to further refresh his recollection. This ruling of the court is now claimed to be erroneous, although no objection was interposed at the trial. Sergeant Edwin Premo, who investigated the accident and prepared the police report, was not permitted to testify because he was not present when the accident occurred and had no recollection of it apart from the report. He said: "I would have to go strictly by the record I have here." He was permitted to state the facts pertaining to the location of the tracks, the intersection, distances, et cetera.

Another witness for the defense was Claude D. McKim, who was the motorman of the eastbound streetcar that was involved in the accident. He testified that he saw a woman run in front of a Checker cab. In answer to the question:

"Have you any estimate of the speed of the cab?" He answered: "No, just the usual rate of speed, around 25 miles an hour." Upon objection, the court ruled: "The answer after the word no will be stricken." McKim said that the woman left the curb at a point about 10 feet west of the west end of the safety zone; that when he first saw the taxicab it was about 15 feet away and swerving to its left after straddling the north westbound rail. He stated that the woman did not look when she left the curb.

A Checker Cab Company employee testified that he made a search for Hasty's driver, Nugent, but that he could not be found. Neither defendant testified at the trial.

The jury, in announcing its verdicts, assessed the amounts in each case against Hasty. The trial judge informed the jury that Hasty, the owner, could not be held liable unless it was found that the driver, Nugent, was guilty of negligence. After some colloquy between the court and the jury, and an indication that some of its members wanted to further discuss the matter, the jury again retired. Verdicts against both defendants were thereafter returned.

The first question in the case is whether plaintiff was guilty of contributory negligence as a matter of law. Defendants claim that the accident occurred about 50 feet west of the westerly line of Brooklyn avenue. Their police witness said the body was lying about 20 feet west of the crosswalk. McKim testified that the woman did not look when she left the curb and that she ran directly in front of the taxicab. Plaintiff testified that she could not see the taxicab because of the large passing truck. The speed of the taxicab is a matter of dispute. In view of the conflicting testimony a question of fact was raised for the jury as to plaintiff's contributory negligence. *Frary* v. *Grand Rapids Taxicab Co.,* 227 Mich 445; *Watrous* v. *Conor,* 266 Mich 397; *Guina* v. *Harrod,* 275 Mich 393; *Covert* v. *Randall,* 298 Mich 38; and *Staunton* v. *City of Detroit,* 329 Mich 516, 526.

The trial judge did not abuse his discretion in striking the testimony of McKim as to the speed of the approaching taxicab when it appeared that he had no real opportunity to make an observation of the circumstances and conditions then existing. *O'Brien* v. *Wahl,* 335 Mich 601.

We do not approve the remarks of the trial judge in the presence of the members of the jury panel

regarding the absence of the attorney of record, Edward N. Barnard. However, the judgment should not be disturbed unless this error resulted in a miscarriage of justice. CL 1948, § 650.28 (Stat Ann § 27.2618). An examination of the entire record does not justify the conclusion that the claimed error had such a result.

We are urged to grant a new trial because of the court's refusal to instruct the jury in accordance with defendants' requests Nos 8 and 9, which read:

"The plaintiff is a deaf-mute. The fact that plaintiff is a deaf-mute, and has not full use of all of her senses, is a fact which she, herself, must take into consideration in essaying to cross a thoroughfare.

"You must decide this case wholly on the evidence presented to you, and keep your minds and hearts free of any question of sympathy or prejudice."

The first request, which is in conformity with that suggested in *Covert* v. *Randall, supra,* might well have been given.

The court in its charge did not specifically instruct the jury that sympathy should not enter into their deliberations or that a deaf-mute is not excused from using the standards of care that an ordinarily prudent person would exercise under similar circumstances, as was charged in the *Covert Case.* However, there is no showing that the jury's verdicts were unjust or that they were reached as the result of undue sympathy for the plaintiff. They should not be set aside on this ground. *Doyle* v. *Dobson,* 74 Mich 562, 567.

The trial judge did not err in requiring the jury to correct its inconsistent verdicts. *Sadlowski* v. *Meeron,* 240 Mich 306, 313.

There is no reversible error in the ruling which prohibited the police witness, Percin, from refresh-

ing his recollection from the accident report. The report itself is not available as evidence. CL 1948, § 257.624 (Stat Ann 1952 Rev § 9.2324). In all actions commenced prior to September 23, 1949, of which this is one, CL 1948, § 256.330(e) (Stat Ann § 9.1590[e]), is still applicable. See CL 1948, § 257.-922 (Stat Ann 1952 Rev § 9.2622). To the extent that this witness had no independent recollection, he obviously could not testify as to facts recited in the report. *Trafamczak* v. *Anys,* 320 Mich 653, 659, 660.

There were questions of fact for the determination of the jury. *Brow* v. *Bozyk,* 317 Mich 31, 34. The verdicts were not against the great weight of the evidence. *O'Brien* v. *Wahl, supra.*

The judgments are affirmed, with costs to appellees.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.