DEMPSEY v. MILES.

1. APPEAL AND ERROR—MOTION FOR DIRECTED VERDICT—EVIDENCE.
   Testimony is to be construed as strongly as possible in plaintiff's favor in determining whether or not defendants were entitled to prevail on their motion for directed verdict at the conclusion of the testimony offered by plaintiff in support of the averments of her declaration.

2. AUTOMOBILES—NEGLIGENCE—SPEED—OBSERVATION—ORDINANCES—STATUTES.
   Whether or not a defendant motorist is negligent in driving at an excessive speed or failed to make proper observation relates to duties not wholly dependent on municipal or legislative declarations of traffic regulations.

3. SAME—NEGLIGENCE—SPEED—STATUTES.
   A motorist may be guilty of negligence in driving too fast even though keeping within the statutory limit, since he must have regard for the situation and operate his car accordingly (PA 1949, No 300, § 627).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 886.
[2] See, generally, 5 Am Jur, Automobiles §§ 165, 259.
[3] 5 Am Jur, Automobiles § 261.
[4, 5] See, generally, 5 Am Jur, Automobiles §§ 167, 207, 262.
[6] 5 Am Jur, Automobiles § 730.
[7] See, generally, 38 Am Jur, Negligence § 41.

4. SAME—NEGLIGENCE—OBSERVATION—WRONG SIDE OF STREET—SPEED.

It was not error for trial court to refuse to enter a judgment in defendants' favor notwithstanding a verdict for plaintiff, administratrix of the estate of a boy 6 years and 4 months of age, where there was testimony supporting a prima facie case that defendant driver failed to maintain a reasonable and proper outlook for the safety of others on the highway and failed to drive on his own side of the 29-foot street at a reasonable and proper speed under the circumstances (PA 1948, No 300, § 627).

5. SAME—NEGLIGENCE—OBSERVATION—WRONG SIDE OF STREET—SPEED—EVIDENCE.

Verdict for plaintiff, administratrix of the estate of a boy 6 years and 4 months old at time when making a crossing northbound he was struck by eastbound motorist, was supported by evidence that defendant driver failed to make proper observation and drove on wrong side of 29-foot street at a speed that was not reasonable and proper under the circumstances (PA 1949, No 300, § 627).

6. SAME—REQUESTS TO CHARGE—QUESTIONS FOR JURY.

Requests to charge which, taken in the aggregate, amounted to a renewal of previously-denied motion for directed verdict for defendant was not error, where they related to matters of observation, location of defendants' car on street, speed and proximate cause which were for the jury to consider under the evidence presented.

7. NEGLIGENCE—SUDDEN EMERGENCY—INSTRUCTIONS.

Charge to jury that one who in a sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner is not chargeable with negligence as requested by defendant, but qualified by additional statement that one is not entitled to the benefit of the rule if he is at fault in creating the emergency was not error, as the qualification is commonly recognized as part of the rule.

Appeal from Muskegon; Sweet (Lucien F.), J., presiding. Submitted January 24, 1955. (Docket No. 66, Calendar No. 46,387.) Decided March 9, 1955. Rehearing denied June 7, 1955.

Case by Jewel Dempsey, administratrix of the estate of Duane S. Norton, deceased, against Clyde E. Miles and Myrtle Hutchins, for damages arising from death of boy struck by automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Harold H. Smedley,* for plaintiff.

*Alexis J. Rogoski* and *Robert Bunker Rogoski,* for defendants.

CARR, C. J. The traffic accident from which this case has resulted occurred on Marquette avenue in the city of Muskegon on July 15, 1952. At the time plaintiff's decedent, Duane S. Norton, a boy 6 years and 4 months of age, was undertaking to cross said street from the south curb to the north side. An exhibit returned to this Court with the record, pursuant to stipulation of counsel, indicates that the distance across said street from curb to curb is approximately 29 feet. In proximity to the center line of the pavement Duane was struck by an automobile driven by the defendant Miles in an easterly direction. It is conceded that the car was owned by the other defendant, and that it was being driven on the occasion in question with her knowledge and consent. As a result of the impact plaintiff's decedent sustained injuries resulting in his death on October 7, 1952.

Claiming that defendant Miles was negligent in the operation of the automobile, plaintiff brought suit, as administratrix of the estate of decedent, to recover damages. The declaration alleged that defendant driver was operating his car on the left side of the center line of the street, at an excessive rate of speed under the circumstances, and without keeping a reasonable and proper outlook for the safety

of others on the highway, and particularly for the safety of Duane. Defendants filed their answer denying the allegations of negligence as set forth in the declaration.

At the conclusion of plaintiff's proofs on the trial in circuit court, counsel for defendants moved for a directed verdict on the ground that plaintiff had failed to show that defendants were guilty of actionable negligence constituting the proximate cause of the accident and the injuries sustained by her decedent therein. Decision of the motion was reserved, defendants put in their proofs, and the cause was submitted to the jury which returned a verdict for plaintiff in the sum of $3,736.68. Thereupon defendants moved for judgment in their favor notwithstanding the verdict of the jury. The motion was denied, and judgment was entered for the plaintiff in accordance with the verdict. Thereafter defendants moved for a new trial, alleging that they were entitled to the directed verdict and, further, that errors prejudicial to them had occurred in the course of the proceeding. The motion was denied, and defendants have appealed from the judgment entered and from the order denying the motion for a new trial.

The first question for consideration is whether defendants were entitled to a directed verdict at the conclusion of the testimony offered by plaintiff in support of the averments of her declaration. In considering such question we have in mind the general rule, repeatedly declared by this Court, that the testimony is to be construed as strongly as possible in plaintiff's favor. *Anderson* v. *Kearly,* 312 Mich 566; *Bramer* v. *Ames,* 338 Mich 226. The record discloses that the accident in question here occurred about 3 o'clock in the afternoon, that it was a clear day, and the pavement was dry. The testimony of several witnesses for plaintiff indicates that other

children, some of them older than Duane, preceded
him across the street, that he remained briefly on
the south side, and then started to follow his com-
panions. He was running, but the record does not
indicate how rapidly, other than as may be inferred
from his age.

As above stated, the driver of the automobile,
hereinafter referred to as the defendant, was pro-
ceeding in an easterly direction. It was plaintiff's
claim on the trial that he struck Duane on the north
side of the center line of the road. A witness for
plaintiff, Mrs. Fannie Anderson, noted defendant's
car prior to the accident and stated that it was
"about in the middle of the road." Another wit-
ness testified that the car came to a stop partly over
the center line and at a distance of approximately
100 feet from the scene of the accident. One of the
boys who had preceded Duane across the street saw
the impact, and expressed the opinion that it was
"About in the center."

The witness Archie Dempsey was operating a
truck in a westerly direction on Marquette at the
time of the accident. He testified on the trial that
he saw defendant's car approaching from the west,
that it was "coming down the center of the road,"
and that he noticed children along the curb on the
south side of Marquette. The following excerpt
from his testimony indicates the claim of this wit-
ness as to where Duane was when struck by the car.

"*Q.* Now, then, as this boy left the south curb
and started across the street, how far across the
street did he get?

"*A.* He had —

"*Q.* Before the car struck him?

"*A.* He had already reached past the center line.

"*Q.* Could you tell me, you mean by that he was
north of the center line?

"*A.* Yes, sir.

"*Q*. Could you tell me how far north of the center line he was when he was struck?

"*A*. Approximately about 3 feet.

"*Q*. Three feet, and could you see the part of the Miles' car or the car that was coming towards you, that struck the boy?

"*A*. Yes, sir.

Witness Dempsey also testified that following the accident he approached defendant's car, that he said to defendant that he ought not to have hit the boy, that he had plenty of chance to stop, and that defendant answered :

"I know it, but I never saw the child until I heard the thud and I looked up in the car and I saw him flying."

With reference to the speed of the automobile, the witness testified as follows:

"*Q*. Do you have an opinion as to whether this car was traveling over or under 25 miles an hour?

"*A*. Yes, sir, I would say he was definitely going over 25 miles an hour.

"*Q*. That is your opinion?

"*A*. Yes, sir.

"*Q*. Would you care to give how much over 25 miles an hour it was going?

"*A*. No, I couldn't estimate how fast over he was going."

A member of the city police force arrived at the scene of the accident shortly after it occurred. He testified as to pacing off certain distances, including the distance from the point where Duane undertook to cross the street and the beginning of certain skid marks on the pavement. According to his testimony, assuming the correctness of other testimony on behalf of plaintiff, defendant's car traveled approximately 45 feet after striking the boy before the brakes were applied, and then continued for about

37-1/2 feet, as indicated by the length of the skid marks. Other testimony introduced by plaintiff indicated that Duane was struck by the left-front portion of defendant's car, and that he was thrown through the air for some distance.

Was the testimony referred to sufficient to render the question of defendant's negligence a matter for the jury? Immediately prior to striking the boy defendant Miles passed an automobile standing at the curb. He denies, however, that he crossed the center line of the road, and the width of the pavement, as indicated by the exhibit above referred to, was apparently sufficient to render it unnecessary to do so. However, we have positive testimony from one of plaintiff's witnesses, corroborated to a certain extent by others, that the boy was struck on the north side of the center line. There was testimony also that defendant admitted that he did not see Duane prior to the impact. If such was the fact, the inference clearly follows that he was not keeping a reasonable and proper outlook for others on the highway, as it was his duty to do.

The testimony with reference to the speed of defendant's automobile is rather unsatisfactory, but we think the trial court was not in error in submitting the matter to the jury in view of the provisions of section 627 of the motor vehicle code,* which reads, in part, as follows:

"(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other condition then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit

* PA 1949, No 300. § 627 (a) and (b) (CLS 1952, § 257.627, Stat Ann 1952 Rev § 9.2327).

him to bring it to a stop within the assured, clear distance ahead.

"(b) Subject to the provisions of paragraph (a) of this section and except in those instances where a lower speed is specified in this chapter, it shall be prima facie lawful for the driver of a vehicle to drive the same at a speed not exceeding the following, but in any case when such speed would be unsafe. it shall not be lawful:

"25 miles an hour on all highways in a business or residence district as defined herein;

"25 miles an hour in public parks unless a different speed is fixed and duly posted.

"It shall be prima facie unlawful for any person to exceed any of the foregoing speed limitations, except as provided in section 629 of this chapter."

In *Halzle* v. *Hargreaves,* 233 Mich 234, 238, 239, in commenting on a somewhat similar situation, it was said:

"Whether the speed at which he was driving was excessive or not did not depend upon any ordinance or statutory traffic rules but upon what was reasonable in view of all the circumstances. The duty of defendant to look where he was going and of plaintiff to look about while in the street are not duties wholly dependent on municipal or legislative declarations of traffic regulations."

It was accordingly held that the question of defendant's negligence was for the jury.

A case in which the facts were analogous to those in the case at bar is *Bade* v. *Nies,* 239 Mich 37. There the action was for the recovery of damages for the negligent killing of plaintiff's decedent who was at the time of the accident 6 years and 4 months of age. It was pointed out that one operating an automobile may be guilty of negligence even though keeping within the statutory limit, and that a driver must have regard for the situation and operate his

car accordingly. See, also, *Deyo* v. *Detroit Creamery Co.,* 257 Mich 77; *Holmes* v. *Merson,* 285 Mich 136; *Dedo* v. *Skinner,* 296 Mich 299.

Had defendant in the instant case been keeping a reasonable outlook he could scarcely have failed to observe the presence of young children in proximity to the pavement. Bearing in mind that, in determining whether defendants were entitled to a directed verdict, the testimony must be construed as strongly as possible in plaintiff's favor, it may not be said that the proofs were insufficient to establish a prima facie showing of a failure by defendant to maintain a reasonable and proper outlook for the safety of others on the highway, and likewise a failure to drive on his own side of the highway at a reasonable and proper speed under the circumstances. See *Alley* v. *Klotz,* 320 Mich 521. The court was not in error in refusing to enter judgment in defendants' favor.

Appellants contend that the trial court was in error in denying the motion for a new trial on the ground, among others, that the verdict was against the great weight of the evidence. However, for the reasons hereinbefore set forth, we think that there were material issues of fact in the case which were properly submitted for determination by the jury. Sufficient evidence was introduced by plaintiff to warrant a verdict in her favor. The weight to be given to the testimony of each witness was within the province of the jury, and we cannot say that there was any apparent disregard of the evidence as a whole. *O'Brien* v. *Wahl,* 335 Mich 601; *Ray* v. *Harris,* 336 Mich 197; *Day* v. *Troyer,* 341 Mich 189.

Error is also claimed because of the refusal of the trial judge to give certain requests to charge preferred by defendants. Such requests were in substance that there was no proof that the automobile

was being operated at an improper rate of speed, that if it was driven to the left of the center line of the street such fact did not constitute negligence, and that there were no proofs indicating failure on the part of defendant Miles to keep a proper outlook for the safety of others. In the aggregate these requests amounted to a renewal of the motion for a directed verdict. In view of the testimony in the case the trial court was not in error in refusing to give them in the form presented. It was for the jury to determine whether under the circumstances the defendant was guilty of negligence in the various respects, or any of them, claimed by plaintiff on the trial, and also whether such negligence constituted a proximate cause of the accident.

Defendants further requested that the court charge the jury that "one who, in a sudden emergency, acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence." The trial judge in his instructions to the jury covered the substance of the request, but added to it the qualification that one is not entitled to the benefit of the rule if he is at fault in creating the emergency. Appellants claim that adding the qualification, commonly recognized as part of the rule, was error. With this claim we are unable to agree. The request was obviously based on the assumption that defendant was not at fault in any way, and that the accident occurred solely because of the action of Duane in attempting to cross the street in the manner disclosed by the testimony. Under the proofs in the case, the charge as given was correct.

Other incidental questions raised by counsel in their briefs have been considered, but they are not of such nature as to require discussion. We find in

the record no reversible error, and the judgment is affirmed.   Plaintiff may have costs.

BUTZEL, SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.