The STATE of Ohio, Appellee,

v.

LEBRON, Appellant.

[Cite as *State v. Lebron* (1994), 97 Ohio App.3d 155.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65441.

Decided Sept. 6, 1994.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Diane Smilanick,* Assistant Prosecuting Attorney, for appellee.

*Stephen McGowan,* for appellant.

SPELLACY, Presiding Judge.

Defendant-appellant Sandra Lebron appeals her conviction of one count of unauthorized access to a computer system (R.C. 2913.04).

Appellant assigns the following errors for review:

"I. The trial court committed reversible error in denying the defendant's motion for acquittal as to her conviction for unauthorized access to a computer network when at the close of state's evidence the state failed to prove through

sufficient evidence beyond a reasonable doubt the essential elements of ownership and access to a computer beyond the scope of the consent of the owner.

"II. The trial court erred and violated the appellant's Sixth and Fourteenth Amendment rights to a fair trial when it denied the defendant's motion for acquittal as to her conviction for unauthorized access to a computer network because the criminal prosecution was based on the access of a public computer network by an authorized public employee who sought access so as to answer the question of a member of the public who was requesting information that was public record.

"III. Whether the trial court erred and violated the appellant's Sixth and Fourteenth Amendment rights to a fair trial when it overruled appellant's motion for acquittal as to count one when the jury's verdict was against the manifest weight of the evidence."

Finding the assignments of error to lack merit, the judgment of the trial court is affirmed.

I

Appellant was employed as an arraignment clerk for the Cuyahoga County Court of Common Pleas. She received training to use the Cuyahoga County Regional Information System known as "CRIS." This computer network links together all police departments and governmental agencies for nine counties to store records. CRIS interfaces with the system for the state of Ohio ("LEADS"), the National Crime Information Center, the state of Ohio Bureau of Criminal Information ("BCI") and the Ohio Bureau of Motor Vehicles.

On February 21, 1992, appellant's brother, Peter, telephoned her at work and asked her to check the record of a friend, Mark Stone. Appellant accessed the CRIS terminal to retrieve the information. After first making an error, appellant received a series of Mark Stones. She chose the one nearest to the information given and called her brother to tell him his friend did not have a record. Appellant later realized she had looked at the wrong name but did not give the correct information to Peter. Appellant never knew why her brother wanted the record.

Appellant's request triggered a trap placed within the CRIS network by the police. Mark Stone actually was Mark Sovey, a Parma Heights police officer operating as an undercover narcotics investigator for the Southwest Enforcement Bureau. Peter Lebron was under investigation for, and later convicted of, drug trafficking. Peter requested the information in order to check on Sovey after stating that he had someone looking out for his interests.

Sovey and another officer interviewed appellant at her place of employment. Appellant admitted making the inquiry. She had checked the criminal history file and attempted unsuccessfully to access information from the Bureau of Motor Vehicles.

Appellant was indicted for unauthorized access to a computer system (R.C. 2913.04), obstructing justice (R.C. 2921.32), tampering with records (R.C. 2913.42), and theft in office (R.C. 2921.41). The jury found appellant guilty of unauthorized access to a computer system and not guilty of the remaining counts.

## II

In her first assignment of error, appellant contends there was insufficient evidence to convict her. Appellant maintains the trial court should have granted her Crim.R. 29(A) motion. In her third assignment of error, appellant also argues the trial court erred by not granting her Crim.R. 29(C) motion because the verdict was against the weight of the evidence. The correct standard under Crim.R. 29 is sufficiency, and weight of the evidence will not be discussed. Because both assignments of error challenge the sufficiency of the evidence presented, they will be combined for analysis.

A motion for acquittal will be sustained if the evidence presented is insufficient as a matter of law to permit a conviction. Crim.R. 29(A). It will not be granted "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus. A trial court must construe the evidence most strongly in favor of the prosecution. *State v. Fyffe* (1990), 67 Ohio App.3d 608, 613, 588 N.E.2d 137, 140.

R.C. 2913.04 provides in pertinent part:

"(A) No person shall knowingly use or operate the property of another without the consent of the owner or person authorized to give consent.

"(B) No person shall knowingly gain access to, attempt to gain access to, or cause access to be gained to any computer, computer system, or computer network without the consent of, or beyond the scope of the express or implied consent of, the owner of the computer, computer system, or computer network or other person authorized to give consent by the owner.

"(C) The affirmative defenses contained in division (C) of section 2913.03 of the Revised Code are affirmative defenses to a charge under this section."

Appellant argues the state failed to meet its burden of proof with regard to ownership and lack of consent. Appellant maintains that the prosecution

never called a representative of the true owner of CRIS or the person authorized to consent to the system's use. Appellant argues the state was required to present a representative of the owner of the system, which is the Cuyahoga County Probation Department.

The state called William Allen as a witness. Allen is the manager of CRIS. He signs contracts on behalf of the CRIS Board of Advisors which, along with the county commissioners, is the governing body of CRIS. Allen is responsible for training people to use CRIS. Allen testified that data from CRIS may only be disseminated to duly authorized law enforcement or criminal justice personnel. All noncriminal justice use of the records is prohibited. These security measures were set out in the manual used in the training classes and discussed with the students. Appellant admits she received this information during her classes.

The state presented testimony from Allen, who is authorized to sign contracts on behalf of the CRIS Board of Advisors. It was not necessary for a county official also to testify with regard to the system. Allen is the manager of CRIS and had sufficient authority to testify as to the consent of the owner and the scope of that consent.

Appellant argues that there were no guidelines in effect at her workplace with regard to the CRIS system and that requests such as her brother's are commonplace. Appellant avers that the scope of her authority lay within her own discretion. Yet appellant admitted she was told at the training classes that the use of the data from CRIS was restricted. Any laxness in appellant's department does not excuse her abuse of the computer or her position. Only a few people in appellant's office received the additional training and the county relied on the training sessions to stress the use and confidentiality of the data. The state presented testimony regarding the proper and improper use of CRIS.

There was sufficient evidence presented for appellant to have been found guilty of each element of R.C. 2913.04.

Appellant's first and third assignments of error are overruled.

### III

In her second assignment of error, appellant asserts that the information given to her brother was a public record and that she cannot be prosecuted for accessing a public computer in response to a request for public information. Appellant argues her access to the CRIS computer was authorized, as she was a CRIS operator and her brother had a right to the public record.

R.C. 149.43(A) states in pertinent part:

"(A) As used in this section:

"(1) 'Public record' means any record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, except medical records, records pertaining to adoption, probation, and parole proceedings, records pertaining to actions under section 2151.85 of the Revised Code and to appeals of actions arising under that section, records listed in division (A) of section 3107.42 of the Revised Code, trial preparation records, confidential law enforcement investigatory records, and records the release of which is prohibited by state or federal law."

Appellant testified she used CRIS to access the Bureau of Criminal Information records in response to Peter's request. Pursuant to R.C. 109.57(A) and (D), BCI data is not a public record.

Therefore, it is a record the release of which is prohibited by state law.

Appellant's second assignment of error lacks merit.

*Judgment affirmed.*

BLACKMON and WEAVER, JJ., concur.