DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Ottawa County Municipal Court where appellant, Gerald Wagner, was tried and convicted on one count of obstructing official business and one count of resisting arrest. Because we conclude that the trial court improperly denied appellant's motion for acquittal, we reverse.
On March 4, 2000, Jacqueline Wagner, appellant's ex-wife, was accompanied to appellant's home by Deputy Weidner and Sergeant Windnagel of the Ottawa County Sheriff's Department. Appellant's ex-wife was at the home to execute a court order from the Common Pleas Court of Ottawa County, Domestic Relations Division. Deputy Weidner and Sergeant Windnagel were present to maintain the peace. Although many of the facts are greatly disputed, what transpired at the residence can essentially be summarized as follows. The court order stated that on March 4, 2000, Jacqueline Wagner was to go to appellant's home and recover half the contents of the attic. When appellant's ex-wife and the officers arrived to execute the court order, appellant was reluctant to let anyone into the house. The officers allowed appellant to call his mother and await her arrival before any contents were removed from the home. Once appellant's mother arrived, Jacqueline Wagner and several of her family members entered the home to remove property from the attic. Deputy Weidner remained in the kitchen with appellant and his mother, and Sergeant Windnagel stood in the living room. Neither officer went up to the attic to review its contents.
Appellant objected to many of the items that were being removed from the home. Deputy Weidner instructed appellant to write down a list of any items that were being removed that he disputed. One woman attempted to remove a wooden rocking horse from the home. Appellant grabbed the horse in an effort to take it from the woman. At this point, the officers arrested appellant. Appellant was charged with one count of obstructing official business, in violation of R.C. 2921.31, and one count of resisting arrest, in violation of R.C. 2921.33. Appellant pled not guilty to both counts.
At trial, Deputy Weidner testified that he and Sergeant Windnagel were present to keep the peace. Deputy Weidner stated that Sergeant Windnagel was overseeing the property removal while he remained in the kitchen with appellant and appellant's mother. Deputy Weidner admitted that he did not go into the attic to see the contents, nor did he know where the items were coming from that were being removed from the home. Deputy Weidner also admitted that he and Sergeant Windnagel allowed the washer and dryer to be removed even though the appliances were not in the attic. Deputy Weidner stated that he told appellant to write down items he did not believe should be taken from the home. Deputy Weidner also stated that he had to sit appellant down several times because appellant was constantly grabbing at items and people, contesting almost every item that was being removed from the house. Deputy Weidner also stated that when the woman tried to leave with the rocking horse, appellant grabbed her arm and tried to take the rocking horse from her. It was at that point appellant was arrested. Deputy Weidner admitted that he did not know if the rocking horse came from the attic or another room in the house. Deputy Weidner stated that when Sergeant Windnagel tried to handcuff appellant, appellant refused to put his arms behind his back, falling to his knees and trying to lay on his arms and hands so he could not be handcuffed. Deputy Weidner stated that appellant fell to the floor causing Sergeant Windnagel to go down with him. It was only after Deputy Weidner threatened to mace appellant that he cooperated.
Sergeant Windnagel's testimony was consistent with Deputy Weidner's testimony concerning the incident. Sergeant Windnagel admitted that he did not look into the attic nor did he know what was in the attic. Windnagel remained in the living room while items were being taken from the upstairs. Sergeant Windnagel also admitted that items were taken from other rooms of the house besides the attic.
Appellant's mother, Bernadine Wagner, also testified. She stated that people went into other rooms in the house besides the attic. She stated that appellant was not irate or upset as items were removed from the home. Appellant's mother also stated that appellant did not stand up and attempt to snatch at items or people as they were leaving the house. She also stated that as the woman attempted to leave with the horse, appellant grabbed the horse, the woman pulled away and appellant fell to his knees. After he fell the officers tried to arrest appellant. Appellant's mother stated that appellant did not fight the police officers when they tried to arrest him.
At the close of the evidence, appellant moved for acquittal, which was denied. The jury found appellant guilty on both charges. It is from this judgment that appellant appeals, setting forth the following assignments of error:
 "1) The ruling of the Trial Court denying the Defendant's motion for acquittal was erroneous and the verdict of the Jury was against the manifest weight of the evidence."
 "2) The Defendant was denied effective assistance of counsel to his prejudice."
 "3) The Trial Court erred to the prejudice of the Defendant in failing to instruct the Jury on the elements of a lawful arrest."
 I.
In his first assignment of error, appellant asserts two arguments: (1) the ruling of the trial court denying his motion for acquittal was erroneous; and, (2) the verdict of the jury was against the manifest weight of the evidence.
On review of a denial of a motion for acquittal, an appellate court must examine the sufficiency of the evidence. State v. Lebron (1994),97 Ohio App.3d 155, 158. In a sufficiency of evidence challenge, the question is, viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Statev. Thompkins (1997), 78 Ohio St.3d 380, 386; State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
Obstructing official business is governed by R.C. 2921.31. In pertinent part it states:
 "(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."
Three elements are necessary before one can be convicted of obstructing official business: (1) the state must prove that the accused engaged in an unprivileged affirmative act; (2) the state must show that the act was done with a purpose or intent to hamper or impede the performance of any public official; and (3) the state must provide sufficient evidence to prove that the affirmative act did, in fact, substantially hamper or impede the official in the performance of his or her duties. In RePribanic, (Jan. 18, 1991) Erie App. No. E-90-20, unreported. In this case, the court order instructed Jacqueline Wagner only to remove half of the contents of the attic; both officers admitted that they had no idea what was in the attic or where the items came from that were being removed; both officers also admitted that items were removed from appellant's home which were not in the attic. Since the court order stated that only half the contents of the attic were to be removed, the officers had a duty not only to keep the peace but to enforce the court order. In our view, appellant had the right to stop the removal of property that was not subject to the court's order. In attempting to do so, appellant did not hamper the officers in the performance of their duties. Based upon our review of the record, we conclude that there was insufficient evidence to indicate that appellant obstructed official business.
R.C. 2921.33 in pertinent part, states:
 "(A) No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another."
Because we concluded that appellant was acting within his privilege to do so when he was charged with obstructing official business, appellant's arrest was not lawful. Therefore, the trial court erred in denying appellant's motion for acquittal on both charges.
Accordingly, appellant's first assignment of error is well-taken.
Based on our disposition of appellant's first assignment of error, appellant's second and third assignments of error are moot.
The judgment of the Ottawa County Municipal Court is reversed and vacated. The court costs of this appeal are assessed to appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________ Peter M. Handwork, JUDGE
James R. Sherck, J. CONCUR.