STATE *v.* BUSH.

Common Pleas Court, Portage County.

No. 5788.   Decided February 1, 1962.

*Mr. Joseph Guilletto*, for the state.
*Messrs. Filiatrault, Kane & Bangas*, by *Mr. Wm. Bangas*, for defendant.

FRANCE, J.   This appeal is from conviction and sentence, after trial to court, in Ravenna Municipal Court.   Defendant was charged, in a uniform traffic ticket affidavit filed by Patrolman Harold McKimmie, Ohio State Patrol, on February 28,

1961, with following another vehicle more closely than was reasonable and proper in violation of Section 4511.34, Revised Code.

After plea of Not Guilty entered by defendant on March 2, 1961, the proceedings seem to have strayed rather badly from the standard of speedy justice prescribed by the Criminal Procedure Act and the appellate rules. Trial was originally set for April 3, 1961, was continued to May 2 and thereafter to May 4, at which time motions contesting the constitutionality of the particular traffic statute were made and overruled and testimony taken. Finding of guilty and assessment of fine were made on May 5, 1961, and on the same day a "request for finding of law" was filed. Notice of appeal was filed on May 12, 1961, the bill of exceptions filed in trial court on May 22 and the trial court's finding of law on May 23. The transcript, bill of exceptions and copies of original papers were filed in this court on May 24, 1961.

Nothing happened thereafter for eight months; no assignments of error or appellant's brief were ever filed; neither did appellee ever move to dismiss the appeal for failure to file them. The assignment commissioner of this court, noting this lack of filings, did not set the matter down for argument. Finally, and only at the instance of the trial judge who desired guidance in future similar cases, the appeal was set down for oral argument, without briefs, on January 23, 1962, nearly a year after the occurrence.

It should be observed that since the appeal was filed before the trial judge's written finding of law, this finding was not, technically, the decision complained of and the appeal was necessarily from the antecedent finding and sentence of May 5. Since the bill of exceptions was not filed in the trial court until May 22, it was not filed within the ten day period required by Sections 1913.32 and 1901.21, Revised Code. See Skeel, Legislature Changes in Procedural Matters, XXXIII Ohio Bar, p. 625. Appellant thus fell into the procedural trap of which the publication of the proposed uniform rules in October, 1960, and the introduction of Senate Bill 367 in March, 1961, as well as the Skeel article, gave fair warning. From the standpoint of technical procedure the bill of exceptions should have been stricken from the files and the appeal dismissed, sua sponte,

for failure to file assignments of error and brief. However the desire of the trial judge results in its being heard on its merits.

In oral argument, understandably quite discursive, the following attacks appear to have been made on the conviction:

1—That there was insufficient evidence to warrant conviction.

2—That the finding of guilt was against the weight of the evidence.

3—That the statute under which conviction was had is unconstitutional.

Section 4511.34, Revised Code, reads, in its entirety, as follows:

"The operator of a motor vehicle, streetcar or trackless trolley shall not follow another vehicle, streetcar or trackless trolley more closely than is reasonable and prudent, having due regard for the speed of such vehicle, streetcar or trackless trolley, and the traffic upon and the condition of the highway.

"The driver of any truck, or motor vehicle drawing another vehicle, when traveling upon a roadway outside a business or residence district shall maintain a sufficient space, whenever conditions permit, between such vehicle and another vehicle ahead so an overtaking motor vehicle may enter and occupy such space without danger. This paragraph does not prevent overtaking and passing nor does it apply to any lane specially designated for use by trucks.

"Outside a municipal corporation, the driver of any truck, or motor vehicle when drawing another vehicle, while ascending to the crest of a grade beyond which the driver's view of the roadway is obstructed, shall not follow within three hundred feet of another truck, or motor vehicle drawing another vehicle. This paragraph shall not apply to any lane specially designated for use by trucks.

"Motor vehicles being driven upon any roadway outside a business or residence district in a caravan or motorcade, shall maintain a sufficient space between such vehicles so an overtaking vehicle may enter and occupy such space without danger. This paragraph shall not apply to funeral processions."

It is obvious from the wording of the statute that any of

the following four separate but somewhat related acts result in a violation of the statute:

1.—following another vehicle more closely than is reasonable and prudent (which applies to all motor vehicles at all times, whether inside or outside municipal corporations)

2.—following another vehicle at such close distance that another overtaking vehicle cannot pass the following vehicle and find safe lodging between it and the vehicle being followed (which applies only where the claimed offender drives a truck or a towing vehicle, and then only in particular areas and in the absence of special truck lanes).

3.—following another vehicle within three hundred feet (which applies only to the driver of a truck or towing vehicle, only outside municipal corporations, and only on blind hills in the absence of "creeper" lanes).

4.—following so closely in caravan that other vehicles cannot pass the caravan one by one (funeral processions excepted).

Testimony of state's witnesses in chief makes it clear that only the first of the above described acts was relied upon to prove the offense. Indeed the language of the affidavit limited the state to the first of these acts, for it used the apt language from the quoted first paragraph which would be ineffective to charge any of the three other grounds for the offense. Moreover, it was nowhere alleged that the driver was operating a truck or a towing and towed combination.

In the face of this patent fact the defendant attempted to show that his conduct was justified by the fact that he was intending or preparing to overtake and pass the vehicle ahead of his, although the testimony is explicit that he never went left of center on the two lane highway. Actual overtaking (not preparation or intention so to do) is excuse only for the second of the described acts, as the quoted statute makes abundantly clear. Clearly then, the testimony on which defendant relies for the "weight" of the evidence was entirely irrelevant and should, on objection, have been excluded. It certainly cannot be considered by a reviewing court.

Defendant also claims that it was never established that following another vehicle at an admitted distance of 25 to 28 feet at an admitted speed of 40 to 45 miles per hour was, in fact, closer than reasonable and prudent or proper.

In discussing this offense, the noted authority Edward C. Fisher states (Vehicle Traffic Law, p. 430-431):

"A careful analysis of such regulations reveals that compliance therewith is solely a matter of distance plus speed. It is the inability to stop in time, should it become necessary in order to avoid colliding with the followed vehicle, which ordinarily constitutes the offense. But of course, actual contact is not essential . . . . . . . .

"In establishing a 'following too closely' case, the items of speed, stopping distances (including reaction time) and the distance between the vehicles must be known and established, otherwise it is not possible to determine guilt of this particular offense . . . . . . . .

"In the offense of following too closely the element of distance travelled during the *driver's reaction time* is often the key to the situation."

The last quoted sentence should be emphasized. For while braking distance of the vehicle may be important in avoiding a rear end collision, there is normally no available test to determine whether the followed or following vehicle's braking system is the more efficient, its tires give better grip on the highway or whether other stopping factors are equal, in order to promote equally fast stopping to prevent collision. Prudence requires every driver to assume that his equipment is no more efficient than that of other vehicles on the highway (an assumption not always indulged). Consequently, the following driver's *reaction time*—the time it takes him to observe that the followed vehicle is braking to a stop and to start braking himself —is the difference between collision and safe stop. If he starts his braking *before* that point on the highway where the followed driver started braking, other factors being equal, he will avoid collison; otherwise there will be a crash.

The sole factors to be considered in assessing defendant's prudence are therefore his speed, the distance at which he followed, and his reaction time. His speed is known, the distance between vehicles is known; there remains the factor of reaction time. The record contains some reference thereto which was properly stricken by the trial judge because prosecutor and highway patrolman insisted on trying to have the patrolman quote from an unqualified chart on *stopping* distances. When this

occurred there was no attempt to supply, from the patrolman's undoubted personal knowledge and observation, evidence of the standard reaction time in stopping situations. It is regrettable that the training of police officers, including otherwise excellently trained highway patrolmen, does not progress to the point of understanding that to get such facts into evidence they must qualify themselves by experience, by observation and by study, and the factual knowledge they then testify to is their own technical knowledge, not that of some unknown person incorporated into a handy chart which they pull from their hip pockets.

Fortunately the omission in testimony on this point is not fatal, for the appellate courts of this and other states permit courts to take judicial notice that the reaction time of the average man is about three quarters of a second. *Ashbrook* v. *Cleveland Ry. Co.*, 34 N. E. (2d), 992, 994 (8th District); *Wiebe* v. *Seeley*, 335 P. (2d), 379, 395 (Oregon); *Vietmeier* v. *Voss*, 246 S. W. (2d), 785, 788 (Missouri).

Thus at 40 miles per hour (the admitted minimum speed) by mathematical calculation (see *Ashbrook* v. *Cleveland Ry. Co.*, *supra*), defendant's vehicle would travel forty-four feet in three quarters of a second, or to give the defendant the benefit of an extremely fast reaction time, *Kaan* v. *Kuhn*, 187 P. (2d), 138, 143 (Wyo) in one half second it would travel more than twenty-nine feet. The distance available for brake application at any given time was from twenty-five to twenty-eight feet. Result: Demonstrated lack of prudence, and ample evidence to convict.

The constitutional argument is based on a claim that the statute fails to set a definite and ascertainable standard to be followed by motorists and that it is consequently void for vagueness. In support of this proposition defendant cites *People* v. *Ashby* (Genessee Circuit Court, Michigan) finding an analogous Michigan statute (MSA 9.2343) unconstitutional. This court is unable to discover that the Circuit Court declaring this proposition felt it significant enough to warrant publication; therefore it is unable to determine whether the decision was affirmed or reversed on appeal or specifically overruled. (Defendant's counsel claims it was affirmed but offers no evidence in support of his claim.)

In making the claim that "more closely than reasonable and prudent" sets too vague a standard for criminal prosecution, the Michigan court seems curiously unresponsive to its own Supreme Court which found, in *Dempsey* v. *Miles*, 342 Mich., 185, 69 N. W. (2d), 135, that a definition of speed as "greater than reasonable and prudent" gave no great difficulty. The Supreme Court of Iowa, in determining a "reasonable and prudent" speed statute valid against constitutional objection stated, in *State* v. *Coppes*, 247 Iowa, 1057, 78 N. W. (2d), 10, 24:

"This statute is directed primarily to the operators of motor vehicles on public highways . . . . They know or should know what speed is proper or reasonable under different traffic conditions. They will have no difficulty in understanding the provisions of section 321.285 and will know when they are violating them."

This holding and a similar one in *Smith* v. *Petterson*, 131 Cal. App. (2d), 241, 280 P. (2d), 522 is adequately confirmed in *United States* v. *Petrillo*, 332 U. S., 1, 91 L. ed., 1877; *Robinson* v. *United States*, 324 U. S., 282, 89 L. ed., 944; *State* v. *Jacobellis*, 173 Ohio St., 22, XXXV Ohio Bar No. 4; *State, ex re. Forchheimer* v. *LeBlond*, 108 Ohio St., 41; *City of Xenia* v. *Schmidt*, 101 Ohio St., 437; and a host of other cases.

"The Constitution does not require impossible standards; all that is required is that the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Roth* v. *United States*, 354 U. S., 476, 491, quoting *United States* v. *Petrillo, supra.*

Measured against the standard set by the Supreme Courts of the United States, Ohio, Iowa, and of its own state of Michigan, the Genessee Circuit Court's unpublished opinion lacks persuasiveness. The definition of a criminal offense in traffic misdemeanors by standards of reasonableness and prudence must be considered constitutionally acceptable in Ohio.

In summary:

1.—In the instant case defendant was charged with and could only be convicted of following another vehicle more closely than was reasonable and prudent, as defined by the first paragraph *only* of Section 4511.34, Revised Code.

2.—In establishing such a charge only the factors of speed,

distance and reaction time of the following driver are to be considered, in the absence of evidence showing that the following vehicle's braking equipment, including tires, was substandard.

3.—In such a charge, whether or not distance is left for another vehicle to pass the following vehicle or whether defendant himself was attempting to pass is completely irrelevant, inasmuch as such offense and license are defined by a separate paragraph of the statute.

4.—There was sufficient evidence to sustain the conviction.

5.—Section 4511.34, Revised Code, is constitutionally valid.

The judgment and sentence of Ravenna Municipal Court is affirmed.