This cause is before the court on appeal from a judgment of conviction in the Perrysburg Municipal Court.
Appellant, Vincent F. Gonzalez, on October 6, 1986, was charged with a violation of R.C. 4511.34, first paragraph, following too closely, while driving on the Ohio Turnpike in the township of Lake, Wood County, Ohio. Appellant pled not guilty and the case proceeded to trial to the court on November 4, 1986. Testimony was had by Trooper Michael Hunter who stated he observed appellant following a car in the left lane within less than fifteen feet or one car length's distance for over one mile as appellant was in the left passing lane passing other vehicles in the right lane. Trooper Hunter further testified that appellant's vehicle was determined by a "moving clock" speedometer check to be travelling at approximately fifty-seven miles per hour. Appellant admitted travelling fifty-five miles per hour and within four car lengths or approximately forty feet of the car in front of him. Appellant was found guilty and was sentenced according to law. It is from that judgment that appellant filed a timely notice of appeal asserting the following assignments of error:
"I. The trial court erred in failing to grant appellant's motion for judgment of acquittal where appellant was charged under the provisions of Ohio Revised Code Section 4511.34 which applies to vehicles which are being passed and where it is undisputed that appellant [sic] was in a passing posture when the alleged violation occurred.
"II. The trial court's findings [sic] of guilty was against the manifest weight of the evidence where Ohio Revised Code Section 4511.34 provides a standard of reasonable and prudent and where it is undisputed that appellant was not travelling at an excessive speed and where traffic and highway conditions posed no unusual hazard.
"III. The trial court's findings [sic] of guilty violates appellant's constitutional rights to due process and equal protection of law in that the standard under which the finding was rendered is indefinite and uncertain and does not provide the proper notice necessary to avoid violation of the standard."
We will first address appellant's third assignment of error wherein appellant alleges that the standard of R.C. 4511.34 is unconstitutionally indefinite and uncertain. R.C. 4511.34
provides in pertinent part:
"The operator of a motor vehicle, streetcar, or trackless trolley shall not follow another vehicle, streetcar, or trackless trolley more closely than is reasonable and prudent, having due regard for the speed of such vehicle, streetcar, or trackless trolley, and the traffic upon and the condition of the highway."
In other words, R.C. 4511.34, paragraph one, prohibits "tail-gating."
This same constitutionality argument was set forth by the appellant in State v. Bush (App. 1962), 92 Ohio Law Abs. 63, 28 O.O. 2d 353, 193 N.E.2d 195 (hereinafter "Bush II"), and more recently by the appellant in State v. Hinson (Feb. 5, 1982), Vinton App. No. 385, unreported. Both courts held the statute constitutional. We agree. The Constitution requires only that the challenged statute or ordinance "* * * conveys [a] sufficiently definite warning *Page 61 
as to the proscribed conduct when measured by common understanding and practices." United States v. Petrillo (1947),332 U.S. 1, 8.
"Absolute or mathematical certainty is not required in the framing of a statute. Reasonable certainty of the nature and cause of the offense is all that is required. Some offenses admit of much greater precision and definiteness than others, but it is quite obvious that in the case at bar the statute must be sufficiently elastic and adaptable to meet all the dangerous situations presented, in order to adequately safeguard the travelling public * * *." State v. Schaeffer (1917), 96 Ohio St. 215,236, 117 N.E. 220, 226.
As the court in Hinson stated, at 2, "* * * the statute is merely a traffic regulation which has for its standard the rule of reason. Traffic circumstances vary greatly. A more specific regulation would not adequately safeguard the public."
Appellant focuses his constitutionality argument on the fact that the state trooper who testified stated that the standard he uses in judging whether the distance between cars is too close is that of one car length per ten miles per hour travelled. Obviously, this is not "the standard" of the statute, but this court recognizes that it is one means of estimating what is "reasonable and prudent" under the circumstances. Just as "reasonable and prudent" is not a hard and fast standard, neither is the estimate of one car length per ten miles per hour travelled a hard and fast means of measurement. The purpose of the stated portion of the statute is to prevent rear-end collisions. Whether a person could stop in time to avoid a rear-end collision is thus the important issue. The means of measurement is thus sufficient to determine in general terms whether a driver is operating his vehicle reasonably and prudently to be able to stop in time.
Accordingly, appellant's third assignment of error is found not well-taken.
Appellant's first assignment of error claims that the first paragraph of R.C. 4511.34 applies only when a motorist is in a non-passing lane and not when a motorist is in the passing lane passing other vehicles. However, when vehicles are in front of a motorist in the left passing lane and are also attempting to pass other vehicles which are in the right non-passing lane, a rear-end collision could occur in either traffic lane. Thus, it is irrelevant that appellant was attempting to pass, as it is clear that R.C. 4511.34, paragraph one, applies regardless of which lane is being travelled.
Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant asserts that under the circumstances, the trial court's finding of guilty was against the manifest weight of the evidence. A reviewing court will not disturb the findings of the trier of fact where evidence is presented which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. See State v.Walker (1978), 55 Ohio St.2d 208, 9 O.O. 3d 152,378 N.E.2d 1049.
It is undisputed that the condition of the limited road access was very good, the weather was clear, appellant was not charged with excessive speed, and there was no testimony concerning any unusual road situation, disabled vehicle or other hazardous situation other than that traffic was "heavy." Appellant contends that under these circumstances, the state failed to prove that appellant acted unreasonably or imprudently or failed to give due regard for speed, traffic or highway conditions. However, it is axiomatic to *Page 62 
say that one can still be travelling too close to the vehicle in front of him even while travelling at a legal speed, upon a clear and unobstructed roadway, and in ideal weather conditions. As previously stated, the issue is whether one can stop before causing a rear-end collision.
In assessing whether one can stop "in time," the factors to be considered are the person's speed, the distance at which he followed, and his reaction time. State v. Bush (C.P. 1962), 88 Ohio Law Abs. 161, 165, 182 N.E.2d 43, 46 (Bush I), affirmed inBush II, supra.
Appellant's speed is known and the distance between vehicles is known. There was testimony concerning reaction time. Although no specific reaction time was stated, Trooper Hunter, a sufficiently qualified expert on such matters, testified that a person with normal reaction time, travelling in a vehicle within five car lengths of the vehicle in front of him at a hypothetical speed of fifty miles per hour with everything working properly in the vehicles, could not stop in time to avoid a collision with the vehicle ahead of him. The court took judicial notice of the fact that a vehicle travels approximately 14.67 feet per second for every ten miles per hour of velocity.
It was not stated what the normal reaction time of a person is, but omission of testimony on reaction time is not fatal, "* * * for the appellate courts of this and other states permit courts to take judicial notice that the reaction time of the average man is about three quarters of a second. Ashbrook v. Cleveland Ry.Co., Ohio App., 34 N.E.2d 992, 994 (8th District); Wiebe v.Seely, 215 Or. 331, 335 P.2d 379, 395; Vietmeier v. Voss, Mo.,246 S.W.2d 785, 788." Bush I, supra, at 166, 182 N.E.2d at 47.
Thus, at fifty-five miles per hour (the speed appellant admitted) by mathematical calculation (5,280 feet per mile divided by 3,600 seconds per hour = 1.467 feet per second), appellant's vehicle would travel 60.5 feet in three quarters of a second, or to give appellant the benefit of an extremely fast reaction time (id., citing Kaan v. Kuhn [Wyo. 1947],187 P.2d 138, 143) in one-half of a second appellant's vehicle would travel more than forty feet. The testimony presented was that the distance available for brake application ranged from ten to fifteen feet (Trooper Hunter's estimate) to forty feet (admitted by appellant). The result is that, even viewing the evidence according to appellant's version, there was a demonstrated lack of prudence, and ample evidence amounting to proof beyond a reasonable doubt to convict.
Appellant's second assignment of error is found not well-taken.
Upon consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Perrysburg Municipal Court is affirmed. This case is remanded to the trial court for execution of judgment. It is ordered that appellant pay court costs of this appeal.
Judgment affirmed.
HANDWORK, P.J., and RESNICK, J., concur.
CONNORS, J., dissents.