On September 14, 1998, Ohio Highway Patrol Trooper Scott Tanner was westbound on the Ohio Turnpike when he observed two semi tractor-trailer rigs coming toward him in the right, eastbound lane. The trooper later testified that he estimated the truckers' speed at sixty m.p.h. and the distance between the two vehicles at fifty to fifty-five feet or, "* * * about twenty feet less than a full semi length." The trooper crossed the median, caught up and pulled parallel with the nose of the trailing rig. Trooper Tanner reported that at that point he confirmed his initial estimate of the distance between the trucks as fifty to fifty-five feet. He then pulled over the trailing vehicle and cited the driver, appellant Harnek Singh, for following too closely, a minor misdemeanor in violation of R.C. 4511.34.
Appellant pled not guilty and the matter proceeded to trial at which Trooper Tanner testified to his speed and distance estimates for the two vehicles. He also testified that he had been trained to visually estimate the speed of vehicles and was generally accurate within, "* * * one or two miles per hour * * * as opposed to * * * the laser or radar."
On cross-examination, the trooper conceded that the distance between the truckers could have been as much as sixty feet and that he had not verified his speed estimates with radar or laser devices.[1] He also agreed that the highway was dry and clear and that there was no other traffic in the immediate vicinity.
Following this testimony, the state asked the court to take judicial notice that a vehicle travels at approximately 14.67 feet per second for every ten m.p.h. of velocity and that the reaction time of an average driver, as set forth in State v.Gonzales (1987), 43 Ohio App.3d 59, is three-fourths of a second. The prosecution then rested. Appellant's motion for acquittal pursuant to Crim.R. 29 was overruled.
In his defense, appellant testified that at the time he was stopped his speed was fifty m.p.h. because of construction zone speed limits. Trooper Tanner was recalled in rebuttal to testify that appellant had not yet entered a construction zone when he was observed.
On this evidence, the matter was submitted to the court which found appellant guilty and fined him $32 and costs. From this judgment and sentence, appellant now brings this appeal, setting forth the following two assignments of error:
 "I. THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO CRIMINAL RULE 29 AT THE CONCLUSION OF THE STATE'S CASE.
 "II. THE APPELLANT'S CONVICTION FOR VIOLATING OHIO REVISED CODE SECTION 4511.34 IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
In both of his assignments of error, appellant maintains that the state failed to prove an essential element of R.C.4511.34. Appellant, in his second assignment of error, characterizes this purported deficiency in terms of the manifest weight of the evidence. However, we note that when the court must determine whether the evidence is legally sufficient to support all of the elements of the offense, the question is one of sufficiency of evidence. State v. Thompkins (1997), 78 Ohio St.3d 380,386-387.
In a sufficiency of evidence challenge, the question is whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the offense proven beyond a reasonable doubt. Id. at 380 (Cook, J., concurring);State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Eley (1978), 56 Ohio St.2d 169;State v. Barnes (1986), 25 Ohio St.3d 203.
In considering a Crim.R. 29 motion for acquittal, the motion may be granted only if the evidence is such that, when considered in a light most favorable to the prosecution, reasonable minds would not reach different conclusions as to whether each material element of the offense has been proven beyond a reasonable doubt. State v. Bridgeman (1978), 55 Ohio St.2d 261. Thus, on review of a denial of a motion for acquittal, an appellate court must examine the sufficiency of the evidence.State v. Lebron (1994), 97 Ohio App.3d 155, 158. As this single standard of review controls our analysis of both assignments of error, we shall discuss appellant's assignments of error together.
In pertinent part, R.C. 4511.34 provides:
 "The operator of a motor vehicle, streetcar, or trackless trolley shall not follow another vehicle, streetcar, or trackless trolley more closely than is reasonable and prudent, having due regard for the speed of such vehicle, streetcar, or trackless trolley, and the traffic upon and the condition of the highway."
The purpose of the statute is to prevent rear end collisions by prohibiting "tailgating." State v. Gonzales, supra, at 60-61. The standard under the law is whether under the circumstances a driver is acting "reasonable and prudent" and that the space between the vehicles is sufficient to permit a driver to stop in time to avoid a rear end collision. Id. at 61. By applying physics and mathematics to the situation, appellant argues, there is insufficient evidence to prove that he was following too closely. He first notes, that highway conditions in this instance were optimal: the highway was clear and dry; there were no intersecting crossroads; nor was there any other traffic nearby. Appellant then set forth his mathematical calculations.
Trooper Tanner testified that he visually estimated appellant's speed at sixty m.p.h., but was occasionally as much as two m.p.h. off on his estimates. Taking the margin of error to his benefit, appellant claims a speed of no more than fifty-eight m.p.h. At this speed, appellant computes, his vehicle would travel 85.09 feet per second.[2] Gonzales took judicial notice that the reaction time of an average driver is approximately three-fourths of a second, id., but, appellant notes that in at least one instance an "extremely fast" reaction time of one-half second was recognized. Id., citing State v. Bush (1962), 88 Ohio Law Abs. 161, 166. Using the one-half second reaction time, appellant claims he could have applied his brakes within 42.54 feet of observing the lead vehicle slow and, therefore, would have been able to stop within the fifty to fifty-five foot separation between the trucks to which Trooper Tanner testified. Therefore, according to appellant, the state failed to prove he was following so closely as to be unable to prevent a rear end collision.
Appellant's argument rests solely on construing every variable in his favor and the application of an "extremely fast" one-half second reaction time. However, no Ohio court has ever applied that time as a matter of course. The reaction time adopted in Bush and Gonzales was three-fourths of a second. Indicta, both courts noted that their respective defendants also were unable to stop even applying the faster standard.
In this case, appellant's suggestion that he possessed a superior reaction time would be in the nature of an affirmative defense upon which the burden of proof rests with appellant. See R.C. 2901.05(C)(2). Since appellant came forward with no such evidence, we must conclude that his reaction time is average. Thus, construing the evidence most strongly in favor of the prosecution, there was evidence presented which, if believed, would lead a rational trier of fact to find the elements of the offense proven beyond a reasonable doubt. Accordingly, both of appellant's assignments of error are not well-taken.
On consideration whereof, the judgment of the Fulton County Court, Western Division, is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J., JUDGE
James R. Sherck, J., JUDGE
Mark L. Pietrykowski, J., JUDGE
CONCUR.
[1] On redirect, asked why he had not used his radar, the trooper responded that he had once observed two vehicles closely together and that when he turned on his radar, the first vehicle detected it and slowed. The second vehicle, unable to slow, struck the first. The trooper indicated he wanted to avoid causing an accident in this instance.
[2] Five thousand two hundred eighty feet per mile divided by three thousand six hundred seconds per hour = 1.467 feet per second for each mile per hour of velocity, State v. Gonzales,supra, at 62, multiplied times fifty-eight m.p.h. equals 85.086 feet per second.