OPINION
{¶ 1} Appellant Vanessa Quinones was stopped by a state trooper for violating R.C. 4511.34, following a vehicle too closely. After the stop, the trooper also cited Appellant for driving under the influence of alcohol (DUI), possession of drug paraphernalia and possession of marijuana. Appellant filed a motion to suppress all evidence against her because R.C. 4511.34 is unconstitutionally vague and overbroad. The reasonableness standard set forth in R.C. 4511.34 has been consistently affirmed as meeting constitutional requirements, and Appellant's sole assignment of error is overruled.
 {¶ 2} At approximately 2:00 a.m. on August 6, 2001, Trooper Joel Hughes of the Ohio State Highway Patrol was traveling on U.S. Route 224 in Boardman Township. He observed two vehicles traveling in the opposite direction. He stated that the vehicles were two to four feet apart, and traveling 40 to 45 m.p.h. (6/10/02 Tr., p. 6.) Trooper Hughes determined that this was a violation of R.C. § 4511.34 and he pulled Appellant over. When he spoke to Appellant, he noticed she had an odor of alcohol and glassy eyes. The trooper administered field sobriety tests and then arrested Appellant for DUI, a violation of R.C. 4511.19(A)(1)(3). (6/10/02 Tr., p. 8.) Appellant was also charged with violations of R.C. § 2925.14, possession of drug paraphernalia, and R.C. 2925.11, possession of marijuana. The case was filed in Mahoning County Court No. 2.
 {¶ 3} On June 2, 2002, Appellant filed a Motion to Suppress. Appellant argued that the initial traffic stop was illegal because it was based on an unconstitutionally vague and overbroad statute. Appellant argued that R.C. 4511.34 prohibits following another vehicle, "more closely than is reasonable and prudent". Appellant argued the phrase "reasonable and prudent" does not provide a workable standard for an ordinary person to follow. Appellant also argued that the statute allowed law enforcement officers too much discretion in the day-to-day enforcement of the statute.
 {¶ 4} The court denied the motion to suppress on July 1, 2002.
 {¶ 5} On November 25, 2002, Appellant pleaded no contest to one count of DUI and one count of possessing drug paraphernalia. The court found that the DUI conviction was Appellant's second conviction within six years. The other charges were dismissed. The court sentenced Appellant to 180 days in jail for the DUI charge, with 170 days suspended, and 30 days for the drug paraphernalia charges, with 30 days suspended. There were also terms of probation, fines, and costs.
 {¶ 6} Appellant filed this timely appeal on December 5, 2002.
 {¶ 7} The sole assignment of error alleges:
 {¶ 8} "The trial court erred in failing to recognize that O.R.C.4511.34 is unconstitutional as being vague and overbroad."
 {¶ 9} Appellant is challenging the validity of R.C. 4511.34, which states in pertinent part:
 {¶ 10} "The operator of a motor vehicle, streetcar, or trackless trolley shall not follow another vehicle, streetcar, or trackless trolley more closely than is reasonable and prudent, having due regard for the speed of such vehicle, streetcar, or trackless trolley, and the traffic upon and the condition of the highway."
 {¶ 11} Appellant argues that the "reasonable and prudent" standard set forth in the statute is "void for vagueness" because a person of common understanding cannot determine what is prohibited. The "void for vagueness" doctrine is premised on the due process provision of the Fourteenth Amendment, and bars enforcement of, "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." United States v. Lanier (1997), 520 U.S. 259, 266,117 S.Ct. 1219, 137 L.Ed.2d 432.
 {¶ 12} "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." Grayned v. Rockford (1972), 408 U.S. 104,108-109, 92 S.Ct. 2294, 33 L.Ed.2d 222.
 {¶ 13} Appellant argues that R.C. 4511.34 does not specifically define how closely a driver is permitted to drive behind another vehicle. Drivers are left to simply guess when their legal driving turns into tailgating. Appellant also points out that the tailgating law necessarily applies differently to everyone, because we all have different reflexes, driving experience, and opinions about what is a reasonable distance to keep between automobiles.
 {¶ 14} Appellant compares R.C. 4511.34 with an anti-loitering statute that was struck down by the United States Supreme Court inChicago v. Morales (1999), 527 U.S. 41, 119 S.Ct. 1849, 144 L.Ed.2d 67. The Chicago statute prohibited, "remain[ing] in any one place with no apparent purpose," and was aimed at decreasing gang activity in Chicago. Id. at 46-47. The statute was not aimed at loitering that had some harmful effect, but only toward loitering with street gang members. The Court presumed that not all loitering was prohibited by the statute, but the Court did not believe that an ordinary citizen would be able to distinguish between prohibited loitering, "with no apparent purpose," and permissible loitering. Id. at 60. The Court also concluded that the "no apparent purpose" standard was completely subjective because each application of the statute turned on whether the purpose of the loitering was apparent to the officer observing it. Id. at 62.
 {¶ 15} Appellant also compares R.C. 4511.34 with another anti-loitering statute rejected by the Supreme Court in Coates v.Cincinnati (1971), 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214. The statute in Coates prohibited loitering, "in a manner annoying to persons passing by * * *." Id. at 611. The Court held that the statute was impermissibly vague because its enforcement depended entirely upon whether the individual police officer was annoyed by the loitering. Id. at 613.
 {¶ 16} Appellant also argues that R.C. 4511.34 is overly broad and that it should be reviewed under a strict scrutiny standard of review pursuant to Grayned v. Rockford (1972), 408 U.S. 104, 92 S.Ct. 2294,33 L.Ed.2d 222. Grayned involved an anti-noise ordinance that infringed upon the fundamental rights of free speech protected by the First Amendment. Appellant has not indicated any fundamental right that is infringed by R.C. 4511.34, and therefore, a strict scrutiny analysis would not be appropriate in this case. Furthermore, overbreadth claims only pertain to First Amendment issues, and Appellant has not identified any First Amendment issue at stake in the instant case. New York v. Ferber (1982),458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113; see, also, State v.Brooks (1995), 75 Ohio St.3d 148, 155, 661 N.E.2d 1030.
 {¶ 17} Appellee responds by citing a case directly on point, Statev. Gonzalez (1987), 43 Ohio App.3d 59, 539 N.E.2d 641. Mr. Gonzalez, just like Appellant, was stopped for violating R.C. 4511.34. The trooper who stopped Mr. Gonzalez observed him traveling fifteen feet behind another vehicle at a speed of 57 m.p.h. Mr. Gonzalez challenged the statute under the void for vagueness doctrine. The Gonzalez opinion held that:
 {¶ 18} "The Constitution requires only that the challenged statute or ordinance ` * * * conveys [a] sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.'United States v. Petrillo (1947), 332 U.S. 1, 8, 67 S.Ct. 1538, 1542,91 L.Ed. 1877.
 {¶ 19} "`Absolute or mathematical certainty is not required in the framing of a statute. Reasonable certainty of the nature and cause of the offense is all that is required. Some offenses admit of much greater precision and definiteness than others, but it is quite obvious that in the case at bar the statute must be sufficiently elastic and adaptable to meet all the dangerous situations presented, in order to adequately safeguard the travelling public * * *.' State v. Schaeffer (1917),96 Ohio St. 215, 236, 117 N.E. 220, 226.
 {¶ 20} "` * * * the statute is merely a traffic regulation which has for its standard the rule of reason. Traffic circumstances vary greatly. A more specific regulation would not adequately safeguard the public.' [quoting State v. Hinson (Feb. 5, 1982), 4th Dist. No. 385]." Id. at 60-61, 539 N.E.2d 641.
 {¶ 21} Appellant also cites a case from the Second Appellate District which upheld a municipal ordinance prohibiting drivers from following other vehicles too closely. State v. Rankin (Jan. 19, 1994), 2nd Dist. No. 92 CA 30. Rankin made the following observation:
 {¶ 22} "Ten feet is less than the length of the average car. To be following a car that closely when both cars are traveling at 37 miles per hour is inherently unsafe, and under those circumstances a police officer has a reasonable and articulable suspicion that the driver of the following car is following too closely." Id. at 2.
 {¶ 23} Appellee's argument is persuasive. All legislative enactments enjoy a strong presumption of constitutionality. State v.Anderson (1991), 57 Ohio St.3d 168, 171, 566 N.E.2d 1224. "[T]he party asserting that a statute is unconstitutional must prove this assertion beyond a reasonable doubt in order to prevail." State v. Collier (1991),62 Ohio St.3d 267, 269, 581 N.E.2d 552. When considering a party's assertion that a statute is void for vagueness, any doubts will be resolved in favor of upholding the statute as constitutionally valid.State v. Gaines (1990), 64 Ohio App.3d 230, 234, 580 N.E.2d 1158.
 {¶ 24} The void for vagueness test was most recently reviewed by the United States Supreme Court in Morales, supra, 527 U.S. 41,119 S.Ct. 1849, 144 L.Ed.2d 67. The two-part test set forth in Morales
states:
 {¶ 25} "Vagueness may invalidate a criminal law for either of two independent reasons. First, it may fail to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits; second, it may authorize and even encourage arbitrary and discriminatory enforcement." Id. at 56.
 {¶ 26} The issue in the instant case is whether the words "reasonable and prudent" provide a clear standard for citizens and police officers to follow.
 {¶ 27} In State v. Glover (1984), 17 Ohio App.3d 256, 479 N.E.2d 901, the Eighth District Court of Appeals examined whether the "abuse of a corpse" statute, R.C. § 2927.01(B), was void for vagueness because it required citizens to apply the standard of "reasonable community sensibilities." The court found that "reasonable community sensibilities" presented a standard that was readily understandable by the ordinary person. "A criminal statute is not void for vagueness simply because it requires a person to conform to an imprecise but comprehensible normative standard. A statute is vague because it specifies no standard of conduct at all." Id. at 258, 479 N.E.2d 901, citing Coates v. Cincinnati (1971),402 U.S. 611, 614, 91 S.Ct. 1686, 29 L.Ed.2d 214.
 {¶ 28} In United States v. Escalante (C.A. 5, 2001), 239 F.3d 678, the Fifth Circuit Court of Appeals reviewed the following "careless driving" statute:
 {¶ 29} "Any person who drives any vehicle in a careless or imprudent manner, without due regard for the width, grade, curves, corner, traffic and use of the streets and highways and all other attendant circumstances is guilty of careless driving." Id. at 680.
 {¶ 30} The Fifth Circuit held that:
 {¶ 31} "Although the language of the statute is broad, ordinary people can understand its meaning. The Mississippi Supreme Court, in Leuerv. City of Flowood, has held that the terms `careless or imprudent' describe the `familiar tort law standard, requiring . . . the same standard of care as a prudent person would [exercise].' This ubiquitous standard does not defy common understanding but relies on it. In the context of rules of the road, few people misapprehend what constitutes careful driving and what does not.
 {¶ 32} "Nor does the law lack `minimal guidelines' to prevent arbitrary enforcement. Because it applies only to conduct that is negligent, such that the conduct endangers the motorist or others, the Mississippi law does not empower the police to punish whatever conduct they choose." Id.
 {¶ 33} This Court has recently upheld a municipal loud noise ordinance that was based on a "reasonable person" standard. State v.Cornwell, 149 Ohio App.3d 212, 2002-Ohio-5178, 776 N.E.2d 572; State v.Cole, 7th Dist. No. 01 CA 72, 2002-Ohio-5191.
 {¶ 34} The analysis in the aforementioned cases is consistent with that used by Appellee's primary authority, the Gonzalez case. We agree with Gonzalez that a traffic statute need not be written with, "absolute or mathematical certainty," especially a statute covering a broad range of traffic conditions. Gonzalez, 43 Ohio App.3d at 61, 539 N.E.2d 641.
 {¶ 35} R.C. § 4511.34 prohibits drivers from traveling unreasonably close to the drivers in front of them. This would include a prohibition against driving so close to the vehicle in front that it would be impossible to avoid a collision if the forward vehicle suddenly stopped. A reasonable person does not drive in such a way as to make an accident practically inevitable if the lead driver decides to stop or slow down.
 {¶ 36} Because the statutory basis for the traffic stop was valid, Appellant has presented no further arguments for suppressing the evidence that was found as a result of the traffic stop.
 {¶ 37} Appellant's assignment of error is overruled, and the judgment of the trial court affirmed.
Judgment affirmed.
Vukovich and DeGenaro, JJ., concur.