OPINION
Marcus A. Graham appeals from the judgment of the Portage County Municipal Court, Ravenna Division, denying his motion to suppress evidence relating to a traffic stop. We affirm.
At about 2:15 a.m. on April 15, 2005, State Trooper Thomas Hermann was on stationary patrol on State Route 43 in Franklin Township, Portage County, Ohio. He was parked in the lot of a Shell station. Trooper Hermann had been with the State Patrol for some twelve years at the time of this incident. He has been trained in the use of speed detection devices and braking and stopping distances for motor vehicles. In the area where Trooper Hermann was parked, State Route 43 describes various curves, and has a speed limit of thirty-five m.p.h. Traffic was light, and the road as dry.
On the morning in question, Trooper Hermann observed two cars traveling south on State Route 43. Though he did not take a measurement, Trooper Hermann concluded that these cars were within the speed limit, each going thirty to thirty-five m.p.h. Trooper Hermann estimated that the second car was following the first at a distance of ten to fifteen feet. Trooper Hermann activated his lights, and stopped the second car for failure to maintain a reasonable and prudent distance. Trooper Hermann concluded that Mr. Graham, the driver of this car, was intoxicated, due to glassy eyes and the smell of alcohol. No field sobriety tests were performed.
Mr. Graham was arrested, and charged with driving under the influence, in violation of R.C. 4511.19(A)(1)(a) and (h); operating a motor vehicle without a valid license, in violation of R.C. 4510.12; and failure to maintain a reasonable and prudent distance, in violation of R.C. 4511.34. July 18, 2005, Mr. Graham moved the trial court to suppress all evidence obtained as a result of his arrest, and to dismiss the charges against him. The sole basis of the motion was whether Trooper Hermann had "reasonable suspicion" to initiate a stop of Mr. Graham.
Hearing on the motion to suppress was originally set for August 15, 2005. Eventually, it was reset for October 31, 2005, the date of trial. The hearing went forward, Trooper Hermann being the only witness. Trooper Hermann testified that normally, a "reasonable and prudent" distance for following another vehicle is considered one car-length (twenty-two feet) per ten miles of speed. On this basis, Mr. Graham's distance of ten to fifteen feet from the car in front of him was neither reasonable nor prudent. On redirect examination, Trooper Hermann admitted that the safety figure of one car-length per ten miles of speed was derived from a card handed out by the state highway patrol crash reconstruction analysis department, which only applied to vehicles moving in excess of forty-five miles per hour.
The trial court denied Mr. Graham's motion to suppress. It noted that Trooper Hermann's testimony regarding whether a distance of one car-length per ten miles of speed had been maintained was irrelevant, since the trooper's testimony established that Mr. Graham was driving at thirty-five miles per hour or less. Rather, the trial court held:
" * * * there was testimony, consistent testimony that the defendant was operating between 30 and 35 miles-per-hour and there was consistent testimony that there was between 10 and 15 feet between the defendant's vehicle and the car in front of him, and regardless of condition of brakes and reaction time, I'm going to find that by a preponderance of the evidence the officer was justified in stopping that defendant for that violation."
Mr. Graham then entered a plea of no contest to each of the charges against him. The trial court merged the two driving under the influence charges, and sentenced Mr. Graham to a term in jail and various fines, the sentences being stayed pending appeal.
Mr. Graham timely noticed appeal, making one assignment of error:
"I. The trial court erred to the prejudice of the Defendant Appellant by overruling Defendant-Apellant's (sic) motion to suppress in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section Fourteen of the Ohio Constitution."
At a hearing on a motion to suppress, the trial court functions as the trier of fact. Accordingly, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. State v. Mills (1992),62 Ohio St. 3d 357, 366; State v. Smith (1991),61 Ohio St.3d 284, 288.
On review, an appellate court must accept the trial court's findings of fact if they are supported by some competent and credible evidence. State v. Retherford (1994),93 Ohio App.3d 586, 592. After accepting the factual findings as true, the reviewing court must then independently determine, as a matter of law, whether the applicable legal standard has been met. Id. at 592. See, also, State v. Swank, 11th Dist. No. 2001-L-054, 2002-Ohio-1337, 2002 Ohio App. Lexis 1345, at *7-8.
In support of his assignment of error, Mr. Graham argues that Trooper Hermann lacked those specific and articulable facts that a crime was imminent or occurring necessary to justify an investigative stop by the police. Mr. Graham notes that Trooper Hermann admitted that he was driving within the speed limit, and not erratically. He further notes that the prohibition against following too closely embodied in R.C. 4511.34(A) is predicated upon "* * * due regard for the speed of such vehicle * * * and the traffic upon and the condition of the highway." Id. Mr. Graham contends that, considering the fine weather conditions and light traffic obtaining at the time of his stop, the ten to fifteen foot distance he was driving behind the other car cannot be deemed lacking in "due regard" or less than "reasonable and prudent" as required for a violation. Cf. id.
We respectfully disagree.
Mr. Graham argues in this court, as he did before the trial court, that Trooper Hermann lacked those specific and articulable facts that a crime was imminent or occurring necessary to justify an investigative stop. This is not the law applicable to this case. This court has held, "* * * that when a police officer witnesses a motorist in transit commit a traffic violation, the officer has probable cause to stop the vehicle for the purpose of issuing a citation." State v. Teter (Oct. 6, 2000), 11th Dist. No. 99-A-0073, 2000 Ohio App. LEXIS 4656, at *10 (emphasis added). "* * * [T]he reasonableness of the stop is fulfilled by the probable cause for the stop." State v. Hale, 11th Dist. No. 2004-L-105, 2006-Ohio-133, at ¶ 24. Thus, the question presented is whether Trooper Hermann witnessed a traffic violation.
R.C. 4511.34(A) does not contain a technical definition of what distance is too close to follow another vehicle. It merely demands that the distance be "reasonable and prudent," given "* * * the traffic upon and the condition of the highway." Id. In this case, it was Trooper Hermann's unopposed testimony, on cross-examination, that following another car at ten to fifteen feet was not prudent. In the absence of any countervailing evidence that Mr. Graham was operating his car in a reasonable and prudent manner, the trial court was justified in relying on Trooper Hermann's testimony to conclude the opposite, and that a traffic infraction had occurred.
Further, in assessing whether a car is following another at a reasonable and prudent distance, courts of this state have identified three factors to be considered: speed, distance, and the driver's reaction time. State v. Gonzales (1987),43 Ohio App.3d 59, 62. Judicial notice has been given to the fact that a car advances some 14.67 feet per second for each mile of velocity, and that an average person's reaction time is three-quarter's of a second. Id. Applying these factors to Trooper Hermann's unopposed testimony that Mr. Graham was no more than fifteen feet behind the first car, while driving at least thirty miles per hour, again leads to the conclusion that Trooper Hermann witnessed a violation of R.C 4511.34. Mr. Graham would have required more than thirty feet to stop.
The evidence established that Trooper Hermann witnessed a violation of R.C. 4511.34, and thus, had probable cause to stop Mr. Graham and cite him. Teter at *10. Since there was probable cause to stop Mr. Graham, it was reasonable to stop him. Hale
at ¶ 24. Consequently, no violation of Mr. Graham's Fourth andFourteenth Amendment rights occurred. Id. at ¶ 26-36.
The assignment of error lacks merit.
The judgment of the Portage County Municipal Court is affirmed.
Ford, P.J., O'Neill, J., concur.