File Name:  07a0837n.06

Filed:  December 11, 2007

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No.  06-4214

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

ALEXIS SHANELL DUKES,

    Defendant-Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

_____/

Before:       MARTIN, SILER, and ROGERS, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge.  This is an interlocutory appeal from a district court order granting a motion to suppress evidence in a criminal case.  The district court held that the evidence in question – 755 grams of cocaine hidden near the spare tire compartment of a car – was the result of an improper search because police had no probable cause to stop the car.  After review of the record, we REVERSE the district court's suppression of the evidence.

I.

On April 11, 2006, at approximately 4:00 p.m., Ohio State Highway Patrol Trooper R.J. Jacks was parked in a crossover on Highway 35, observing eastbound traffic.  Jacks saw a car traveling at an abnormally slow speed – which he subsequently determined to be 53 miles per hour

– on the highway, which has a speed limit of 55 miles per hour for semi-trucks and 65 miles per hour for cars. Looking into the vehicle, he observed the car was being driven by an African-American female (Dukes). After the car had passed Jacks's observation point, Jacks pulled out and began to follow it. Over the next few minutes, Jacks asserts that Dukes committed three traffic violations. First, Dukes "followed too closely" to a semi-truck for a few seconds as the semi slowed down on a hill. Second, Jacks asserts that Dukes engaged her turn signal only after she had begun changing lanes. Finally, Dukes merged behind a semi-truck that had entered the highway and again followed too closely. Jacks asserts that at this point, he decided to stop Dukes.[1]

When Dukes opened her purse to remove her drivers' license, Jacks noticed a plastic bag containing marijuana residue inside the purse. He arrested Dukes, searched her car, and found 755 grams of cocaine near the spare tire compartment in the trunk. Soon after Jacks found the cocaine, the video recording of the stop shows Jacks speaking on the phone, perhaps to his supervisor.[2] In response to what must have been a question, Jacks answers:

> Following too close. She drove by us, so we saw her comin', we checked her speed [speaking to another officer] what was it, 50, as she was going by us? [Other officer answers "53"] – 53 as when she went by us, you know, just *obvious*, so I got behind her and a semi pulled out – I couldn't get anything on her other than she was driving

---

[1]Jacks also alleged that Dukes's rigid position in the car, with her hands in the ten-and-two position, along with Dukes's failure to look at the police as she drove by, constituted suspicious behavior. We agree with the district court that such law-abiding behavior cannot be the basis of either probable cause or of reasonable suspicion to stop a vehicle.

[2] This conversation happens at 16:12:50 on the video camera.

down about 45 miles per hour, 55 at the most, 55. Then a truck pulled out from a rest area, and she got behind it, so – following too close violation.

At the suppression hearing, Dukes argued that the car search was illegal because the police had no probable cause to believe that a traffic violation had occurred before pulling her over. The district court agreed, finding that the testimony and record failed to support that Jacks had probable cause to believe that a traffic violation had occurred. The government now appeals.

## II.

The review of a grant of a motion to suppress is a mixed question of fact and law. *United States v. Sanford*, 476 F.3d 391, 394 (6th Cir. 2007). We review the district court's findings of fact for clear error and the district court's conclusions of law *de novo*. *United States v. Dillard*, 438 F.3d 675, 680 (6th Cir. 2006). A factual finding is clearly erroneous when, although there may be evidence to support it, the reviewing court, considering all the evidence, "is left with the definite and firm conviction that a mistake has been committed." *United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999). Finally, the factual evidence must be viewed "in the light most likely to support the district court's decision." *Sanford*, 476 F.3d at 394. The district court's conclusions of law are reviewed *de novo*. *Id.*

The district court made the factual finding that Dukes did not follow too closely to the car in front of her, and the legal finding that even if she had, she would not have been in violation of Ohio law. We hold that both of these conclusions were in error.

Regarding the district court's factual findings, the court first found that "during the entire stop recorded on tape, Jacks *never* advised Defendant that the stop was predicated on any basis other than her slow speed, which did not violate any traffic law. In effect, Jacks stopped this Defendant for no basis supported in law or fact." *United States v. Dukes*, 444 F. Supp. 2d 822, 831 (S.D. Ohio 2006). The district court, however, failed to analyze the post-search recording. Twelve minutes after pulling over Dukes's car, Jacks clearly states on the video that he followed Dukes until she committed the following-too-close violation. Without a determination by the district court that this statement was fabricated, we are left with the definite and firm conviction that the district court erred in finding that the record did not support the stop.

The court's second factual finding pertained to Dukes's alleged failure to signal a lane change. The district court found that the record fails to support this claim, and unlike the following-too-close offense, the video shows no reference to a signal violation. Thus, we cannot say the court clearly erred in this finding.

The district court's legal findings were based on an erroneous interpretation of Ohio traffic law. The district court concluded that even if Dukes had come within two car-lengths of the semi truck in front of her,[3] she would not have violated any state law by doing so. The court concluded that Ohio Revised Code § 4511.34 ("Space between moving vehicles"), with its requirement that a motorist "shall not follow another vehicle, streetcar, or trackless trolley more closely than is reasonable and prudent," does not require one car-length for every ten miles per hour of speed. 444 F. Supp. 2d at 829. Based on its reading of the statute, the court held that "if Defendant, in her own

---

[3] This was the distance testified to by Officer Jacks, and apparently conceded by Dukes in her brief and in oral argument before our court.

estimation, believed that, under the circumstances, she was providing enough room between herself and the semi in front of her," she would be in compliance with the statute. *Id.* This conclusion was in error. A number of Ohio cases have used the car-length rule as an indicator of a § 4511.34 violation. *See, e.g.*, *United States v. Roberts*, 492 F. Supp. 2d 771, 774 (S.D. Ohio 2005); *State v. Meza*, No. L-03-1223, 2005 WL 635028, at *5 (Ohio Ct. App. 2005); *State v. Gonzales*, 43 Ohio App. 3d 59, 62 (Ohio Ct. App. 1987). No case concludes that a driver's opinion of her own reaction time is the sole determination of a violation; indeed, this subjective assessment of a violation would preclude an officer from ever knowing if someone was breaking the law.

III.

The law in Ohio is clear that the car-length rule is a workable indicator of a § 4511.34 violation, and the video supports Officer Jacks's claim that Dukes had committed such a violation. For these reasons, the stop and subsequent search of the car were legal, and we REVERSE the decision of the district court to grant Dukes's motion to suppress.