[Cite as *State v. Horvath*, 2016-Ohio-8037.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 15 MA 0145 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| LANA HORVATH | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from the County Court
                                                           No. 5 of Mahoning County, Ohio
                                                           Case No. 2015 TR D 01088

JUDGMENT:                                       Affirmed.

APPEARANCES:

For Plaintiff-Appellee:                         Atty. Daniel A. Blasdell
                                                           City Law Director
                                                           for the City of Columbiana
                                                           28 West Friend Street
                                                           Columbiana, Ohio  44408

For Defendant-Appellant:                    Atty. Peter Horvath
                                                           P.O. Box 501
                                                           Lisbon, Ohio  44432

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                                           Dated:  December 7, 2016

WAITE, J.

{¶1} Appellant Lana Horvath appeals her conviction in Mahoning County Court No. 5 on a charge of following too closely, brought pursuant to a City of Columbiana ordinance which parallels a state statute.

{¶2} On April 24, 2015 at approximately 10:00 p.m., Columbiana Police Officer Brandon Ericsson was on duty and parked in a commercial parking lot on State Route 14 facing southbound towards the roadway. Officer Ericsson observed a car headed towards him, traveling westbound, headed out of Columbiana. He noted as the vehicle approached that there was a second vehicle behind the first which was following so closely that he originally only detected the headlights of the first vehicle. Consequently, Ericsson stopped the second vehicle and cited Appellant for following too closely, in violation of Columbiana City Ordinance No. 432.09.

{¶3} Appellant's case was heard in Columbiana City Mayor's Court on May 5, 2015. Appellant entered a plea of not guilty and the matter was transferred to Mahoning County Court No. 5, where a bench trial was held on July 10, 2015. At the close of the state's evidence, Appellant's counsel orally moved to dismiss on the basis that the state failed to submit a copy of the ordinance into evidence. The court took the matter under advisement and subsequently issued a judgment entry on July 14, 2015. The court found Appellant guilty and imposed a fine of $25.00 plus costs. Appellant filed a notice of appeal.

{¶4} We first must note that subsequent to filing a timely notice of appeal, Appellant has been tardy with every other filing to this Court. Her brief was filed substantially out of rule and she failed to file a transcript of proceedings until long

after Appellee requested that this appeal be dismissed. Appellant altogether failed to file certain other documents. Based on Appellant's several failures to comport with the state and local rules, we would be well within our discretion to dismiss this appeal. In the interests of justice, however, we will examine this matter on the merits.

{¶5} A review of the record before us reflects that Appellant was fully apprised of the ordinance at issue, as it was properly noted on the citation and available to Appellant at the city's offices as well as online. The trial court had sufficient information on which to take judicial notice of the law and did not err in convicting Appellant. Based on the following, the judgment of the trial court is affirmed.

<u>FIRST ASSIGNMENT OF ERROR</u>

THE TRIAL COURT FAILED TO TAKE JUDICIAL NOTICE OF THE ORDINANCE IN QUESTION.

<u>SECOND ASSIGNMENT OF ERROR</u>

THE ORDINANCE IS VOID FOR VAGUENESS.

{¶6} In Appellant's first assignment of error she claims that the trial court failed to take judicial notice of the city ordinance. However, counsel for Appellant appears to be confused, as the record indicates that the trial court did take judicial notice of the ordinance at issue. It appears that Appellant actually complains that the trial court did, in fact, take judicial notice of the ordinance.

{¶7} Beyond this misstatement, Appellant's brief appears problematic and difficult to decipher for many reasons. The burden of affirmatively demonstrating

error on appeal rests with the party raising the alleged error. App.R. 9; App.R. 16(A)(7). App.R. 12 requires that an appellate court determine the merits of an appeal based on the "assignments of error" set forth by the appellant, which should designate the specific rulings challenged. Pursuant to App.R. 16, an appellant must present his or her contentions for each assignment and the reasons in support of each contention, and include citations to authorities, statutes, and the parts of the record on which the appellant relies. App.R. 16(A)(7); *Roberts v. Hutton,* 152 Ohio App.3d 412, 2003-Ohio-1650, 787 N.E.2d 1267, ¶ 18 (10th Dist.).

{¶8} An appellate court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment in the brief as required under the rules. App.R. 16(A); App.R. 12. In the case *sub judice*, Appellant's brief contains a page listing two assignments of error, followed by three pages which cite various civil rules, rules of criminal procedure, and caselaw. These are followed by short comments. The argument under the first assignment of error reads, in total: "Lana is entitled to see the ordinance. In fact both Lana and her attorney are entitled to see the ordinance in court." (Appellant's Brf., p. 8.) Appellant's argument under the second assignment of error appears to be: "This ordinance provides absolutely no notice of the conduct that is prohibited. It is drafter [sic] in a manner that allows arbitrary enforcement. Lana is entitled to a fair warning about what is expected of her and the manner in which she drives through the city." (Appellant's Brf., p. 9.)

**{¶9}** Appellant appears to be arguing that as Appellee did not introduce a copy of the Columbiana City ordinance at trial, the court should not have taken judicial notice of this law. Additionally, there appears to be an argument that the court should not have relied on the exhibits admitted into evidence in making its determination. Appellee submitted pictures of the scene, including the location of the police vehicle, and photos demonstrating the highway line demarcations, posted speed limit signs, and city corporate limit signs. Appellee also submitted a chart indicating the conversion between miles per hour and feet per second to demonstrate the distance traveled depending on vehicle speed. The court inquired whether Appellant's counsel had any objection to the exhibits presented. Appellant's counsel responded, "[n]o objection." (Trial Tr., p. 16.) Therefore, counsel did not object to these exhibits at trial and Appellant cannot now properly argue that the exhibits should not have been admitted.

**{¶10}** The instant matter involves a traffic case and is subject to the Ohio Traffic Rules. Traf.R. 1(A); *State v. Boafer*, 7th Dist. No. 12 MA 0192, 2013-Ohio-4255, ¶ 40. Rule 20 of the Ohio Traffic Rules provides that, if no specific procedure is set forth in the Traffic Rules, the Ohio Rules of Criminal Procedure apply. Pursuant to the Ohio Rules of Criminal Procedure, judicial notice provisions of Civil Rule 44.1 apply in criminal cases. Therefore, our analysis is guided by Civ.R. 44.1(A)(2), as follows:

> A party who intends to rely on a municipal ordinance, a local rule of
> court, or an administrative regulation within this state shall give notice in

his pleading or other reasonable written notice. The court in taking judicial notice of a municipal ordinance, a local rule of court, or an administrative regulation within this state may inform itself in such manner as it deems proper, and may call upon counsel to aid in obtaining such information. The court's determination shall be treated as a ruling on a question of law and shall be made by the court and not the jury. A court may, however, take judicial notice of its own rules or of a municipal ordinance within the territorial jurisdiction of the court without advance notice in the pleading of a party or other written notice.

{¶11} Pursuant to the Ohio Traffic Rules, the Columbiana City ordinance at issue is listed on the citation, giving Appellant notice of the ordinance in question. In its judgment entry, the trial court, sitting on behalf of Columbiana Mayor's Court, noted, "[t]his cause came on for trial on the traffic citation issued against the defendant." (7/14/15 J.E.) The citation named Columbiana Ordinance No. 432.09, which parallels R.C. 4511.34. This is sufficient for the trial court to familiarize itself with, and take judicial notice of, the Columbiana ordinance, pursuant to Civ.R. 44.1(A)(2).

{¶12} Appellant also appears to contend the ordinance is vague, in that it provides "no notice of the conduct that is prohibited." (Appellant's Brf., p. 9.) Columbiana Ordinance No. 432.09 reads:

(1) The operator of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the

speed of the vehicle and the traffic upon and the condition of the highway.

(2) The driver of any truck, or motor vehicle drawing another vehicle, when traveling upon a roadway outside a business or residence district, shall maintain a sufficient space, whenever conditions permit, between the vehicle and another vehicle ahead so an overtaking motor vehicle may enter and occupy the space without danger. This division (a) does not prevent overtaking and passing nor does it apply to any lane specially designated for use by trucks.

(3) Motor vehicles being driven upon any roadway outside of a business or residence district in a caravan or motorcade shall maintain a sufficient space between the vehicles so an overtaking vehicle may enter and occupy the space without danger. This division shall not apply to funeral processions.

(b) Except as otherwise provided in this division, whoever violates this section is guilty of a minor misdemeanor. If, within one year of the offense, the offender previously has been convicted of or pleaded guilty to one predicate motor vehicle or traffic offense, whoever violates this section is guilty of a misdemeanor of the fourth degree. If, within one year of the offense, the offender previously has been convicted of two or more predicate motor vehicle or traffic offenses, whoever violates

this section is guilty of a misdemeanor of the third degree. (ORC 4511.34).

**{¶13}** Appellant claims this ordinance is unconstitutionally vague because it does not clearly set forth the conduct that is prohibited. All legislative enactments have a strong presumption of constitutionality. *State v Anderson,* 57 Ohio St.3d 168, 171, 566 N.E.2d 1224 (1991). The "void for vagueness" doctrine emanates from the due process provision of the Fourteenth Amendment, and bars enforcement of a law that is so vague that "men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Lanier,* 520 U.S. 259, 266, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997).

**{¶14}** As noted, the Columbiana ordinance parallels R.C. 4511.34. We have addressed the constitutionality of this statute. *State v. Quinones,* 7th Dist. No. 02 CA 243, 2003-Ohio-6727, ¶ 35. In *Quinones*, we held that a traffic statute need not be written with "absolute or mathematical certainty" in order to escape the "void for vagueness" doctrine. *Id.* at ¶ 34, quoting *State v. Gonzalez,* 43 Ohio App.3d 59, 61, 539 N.E.2d 641 (6th Dist.1987).

**{¶15}** Columbiana ordinance 432.09, like R.C. 4511.34, does not specifically define the distance that must be maintained between two vehicles. Instead, it uses a "reasonable and prudent" standard. In *Quinones,* we held that the statute's use of the "reasonable" standard conveyed a sufficiently definite warning as to the conduct that is proscribed. *Id.* at ¶ 35. Operating a motor vehicle in a reasonable manner so

as to avoid a rear-end collision is conduct that is properly regulated by traffic laws. Appellant's second assignment of error is also without merit and is overruled.

{¶16} Based on the foregoing, Appellant's assignments of error are without merit and the judgment of the trial court is affirmed.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.